■ ALICE HATSIS, Respondent, v ALEXANDER HATSIS, Appellant.—In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, (1) from stated portions of a judgment of the Supreme Court, Nassau County (Brucia, J.), entered February 7, 1985, which, *inter alia,* failed to set forth certain provisions of a stipulation between the parties, and (2) from stated portions of an order of the same court, dated July 2, 1985, which denied his motion for resettlement of the judgment.

Appeal from the order dismissed. No appeal lies from an order which denies resettlement of the decretal paragraphs of a judgment *(see, Men's World Outlet v Steinberg,* 101 AD2d 854).

Appeal from the fifth decretal paragraph of the judgment dismissed. No appeal lies from a judgment entered on consent, except to the extent that it differs from or exceeds the consent *(see, Norton & Siegel v Nolan,* 276 NY 392).

Judgment modified, on the law, (1) by adding thereto the following findings of fact:

"SIXTH: That the following factors were considered in arriving at the decision of this court regarding equitable distribution:

"1. Prior to the trial of this matter this court convened the parties and their attorneys together for the purpose of a conference:

"2. In reaching a settlement of the issues which were raised by the plaintiff's complaint the parties entered into a stipula-

tion in open court which was intended to resolve all of the issues raised by the plaintiff's complaint, including the plaintiff's claims for equitable distribution fully and completely;

"3. The stipulation entered into by the parties concerning the parties' rights in the ownership, division, or distribution of their marital property is as follows:

"A. The defendant has requested nothing and has received nothing in satisfaction of any claims he may have for equitable distribution;

"B. The plaintiff acknowledges that she has received all the personal property of the marriage which she now has in her possession; that she has received the sum of $10,000 heretofore paid in cash by the husband for her moving expenses and to set her up in her present living quarters; and she further represents that those sums of money, in addition to the sums of money which the defendant has agreed to pay her as maintenance and support are in satisfaction of any claims which she may have to equitable distribution in any property, including the defendant's medical license, his medical practice, or any such claims whatsoever.

"The above constitutes the factors considered and the reasons for the court's decision denying any equitable distribution of property to the husband or any further equitable distribution of property in favor of the wife.

"4. This said stipulation was intended to be incorporated into the final judgment of this court";
(2) by adding to subdivision (e) of the third decretal paragraph thereof the term "New Year's Day" in the list of holidays contained therein; and (3) by adding thereto the following decretal paragraphs:

"ADJUDGED AND DECREED, that the defendant shall not be entitled to any equitable distribution in the property of the plaintiff, and it is further

"ADJUDGED AND DECREED, that the plaintiff's claims for equitable distribution of:

"1. The marital assets;

"2. The defendant's income as an ophthalmologist;

"3. The defendant's pension; and

"4. Any other property; are denied, such claims having been satisfied pursuant to the terms of the parties' stipulation".
As so modified, judgment affirmed insofar as appealed from and reviewed, without costs or disbursements.

By its terms, the parties' stipulation settling this action was

to be incorporated in the judgment as if it were the result of the court's determination after trial. The defendant is entitled, therefore, to have the judgment expressly include the terms of the stipulation with respect to equitable distribution of property. Furthermore, the judgment is modified to reflect the fact that, pursuant to the stipulation, New Year's Day was to be considered a holiday for visitation purposes. Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.