■ TAMARA P. SENIOR, Respondent, v JOHN SENIOR, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 20, 1988 in Columbia County, which transferred physical custody of the parties' minor child to plaintiff.

The parties were divorced by judgment of the Supreme Court entered September 12, 1986 which, as is relevant to this appeal, incorporated the terms of a July 1986 stipulation granting the parties joint custody of their child, with plaintiff having physical custody during the academic year and defendant during the summer. In May 1988, the parties orally modified the custody provisions of the 1986 stipulation, and the child went to live with defendant at that time. The parties disagree as to the terms of the May 1988 oral agreement. Asserting that it entitled him to sole custody, defendant brought a motion in October 1988 to modify the custody provisions of the 1986 stipulation and judgment of divorce accordingly.

Thereafter, on November 11, 1988, defendant obtained an ex parte order restraining plaintiff from interfering with defendant's physical custody of the child pending determination of the motion and providing at the foot thereof that the "above restraining order is subject to the consent of the Defendant to produce the child to this Court if so directed within 48 hours". Plaintiff opposed the motion, contending that the parties' 1988 oral agreement entitled defendant to physical custody for the fall 1988 school semester only, cross-moved for an order granting her an award of counsel fees, and sought an order granting her temporary custody. Although no hearing was conducted, on December 20, 1988 Supreme Court ordered defendant to deliver custody of the child to plaintiff. Defendant appeals; this court granted a stay pending appeal.

Preliminarily, we reject plaintiff's contention that defendant's agreement to the provision of the November 11, 1988 order that he deliver custody of the child if directed precludes this appeal since a party may not appeal from an order to which he has consented *(see, Hatsis v Hatsis,* 122 AD2d 111). Defendant consented to deliver custody to Supreme Court,

apparently as an aid to its jurisdiction under Domestic Relations Law article 5-A, and not to plaintiff, as is now ordered.

Turning to the merits, we agree with defendant's contention that Supreme Court lacked the power to grant a change of custody without first conducting an evidentiary hearing *(see, Matter of Nehra v Uhlar,* 43 NY2d 242; *Robert C. R. v Victoria R.,* 143 AD2d 262, 264).* Although the parties disagree sharply as to many of the terms of their oral agreement, both acknowledge that it provided that the child was to live with defendant at least through December 1988. The parties' undisputed oral agreement is entitled to legal effect *(see, Richman v Richman,* 104 AD2d 934, 935; *Block v Nelson,* 71 AD2d 509, 513-514; *Matter of Noel v Derrick,* 71 AD2d 704).

As a final observation, we note that this appeal and the expense, delay and uncertainty resulting therefrom could have been avoided by a prompt hearing on the motion for a change of custody. If the circumstances did not permit final resolution of the motion in December 1988, temporary custody should have been fixed following a brief hearing at that time. Even more bothersome, it appears that custody has still not been determined, although the matter had been scheduled for a hearing commencing May 24, 1989. Accordingly, Supreme Court is directed to complete an evidentiary hearing and render its decision on permanent custody no later than August 15, 1989.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.