■ In the Matter of JILL K. RILEY, Appellant, v PETER F. RILEY, Respondent. (And Another Related Proceeding.) [814 NYS2d 793]—

Lahtinen, J. Cross appeals from an order of the Family Court of Greene County (Pulver, Jr., J.), entered March 4, 2005, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for enforcement of an order of support.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child, Kaylyn (born in

1986). The parties divorced in 1988, entering into a stipulation of settlement that was incorporated, but not merged, with the judgment of divorce, and which provided in relevant part that "the parties shall share the cost of college education for the child based upon their financial means and ability to pay at the time of such college education." In the fall of 2004, Kaylyn matriculated at Western New England College, where the annual cost for tuition, room and board was a little more than $30,000. The mother's recent employment history included low-wage jobs and annual income in the prior year of under $10,000. The father, a tax attorney, had earned more than $300,000 a year since 2000 and nearly $400,000 in 2003 and 2004. He nevertheless refused to pay the college bill, prompting the mother to file separate petitions seeking to enforce and increase the order of support.

Following a hearing on both petitions, the support magistrate dismissed the petition seeking an increase of support, but on the enforcement petition, ordered the father to pay 100% of Kaylyn's college tuition and related fees and the parties to each pay 50% of her room and board. The breakdown of total college costs of $16,740 for the fall 2004 semester was set forth by the support magistrate as follows: tuition ($10,285); room and board ($4,262); computer service and technology fees ($608); activities fee ($100); dormitory damage deposit ($50); and health insurance fee ($1,435). Hence, the father was responsible for $14,609 and the mother for $2,131 for the fall 2004 semester. The father was also directed to pay $1,000 of the mother's counsel fees.

The father filed written objections and Family Court modified by ordering that 50% of the father's child support obligation (i.e., $333 per week × 52 ÷ 2 = $8,658) go directly to college costs, and that the father further pay $5,000 per semester for a total annual contribution of $18,658. The mother was directed to pay $3,082 per semester, and Family Court found the balance (approximately $2,600 per semester) to be the responsibility of Kaylyn. Both parties appeal.

The parties acknowledge that the controlling language comes from the stipulated agreement that was incorporated, but not merged, into a judgment of divorce, and such an agreement remains a separate contract subject to the general rules of contractual interpretation (*see Merl v Merl*, 67 NY2d 359, 362 [1986]; *Stewart v Stewart*, 266 AD2d 702, 704 [1999]). Here, the clear and concise provision of the agreement obligates the parties to pay Kaylyn's college costs based upon their means and ability. Although the father argues that Kaylyn could have attended a state university for considerably less cost, the agree-

ment does not cap the obligation based upon the cost of a public college (*see Matter of Frowein v Murray*, 298 AD2d 647, 648 [2002]). Moreover, the father urged his daughter to attend certain private colleges, but she opted for one other than what he recommended. Hence, there was acquiescence on his part to her attending a private college.

The record further establishes that, at the time of the hearing, the father's salary was $395,000 per year. Although he was involved in a divorce in Texas that temporarily affected his personal expenditures, he nevertheless had the ability to continue substantial discretionary spending, including, among other things, owning a luxury car for which he paid $1,443 per month, belonging to a club at a cost of $220 per month, hiring landscaping at $320 per month, making charitable contributions to colleges in excess of $10,000 per year, and living in a 5,600 square-foot-house for which he paid $910,000 (with $750,000 owed on a mortgage). While the mother's income was low, the support magistrate found that she was underemployed. Indeed, she ostensibly opted to live primarily on money received for child support from the father and an additional child support payment of $600 per month she receives from another man with whom she had a son in 1995.

The father has the means and ability to provide for his daughter's college education and there is no basis in this record or under the terms of the parties' agreement for requiring the daughter to contribute approximately 17% of those costs, as was done by Family Court. While the mother's modest income compared to the father's would generally result in a negligible contribution by her, we nevertheless agree with Family Court and the support magistrate that, in view of her voluntary underemployment, she should contribute to the college costs. The record supports Family Court's decision under all the relevant circumstances that one half the child support obligation be attributable to college costs (*see Matter of Houck v Houck*, 246 AD2d 905, 906 [1998]), but there is no ground for the directive that the mother also pay an additional $3,082 per semester or that the daughter contribute approximately $2,600 per semester. Requiring the father to pay the college health insurance fee was not appropriate since the record reflects his uncontradicted objection in which he stated that he already provided private health insurance to his daughter and she could have ostensibly opted out of that college charge by completing the necessary paperwork.

The finding of a willful violation by the father and, thus, requiring him to pay a portion of the mother's counsel fees was

proper since he refused to pay any part of the college costs (*see Matter of Heyn v Burr*, 19 AD3d 896, 897-898 [2005]). The remaining arguments have been considered and found unpersuasive.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as directed the child to pay part of the college costs, directed petitioner to pay $3,082 per semester and directed respondent to pay the college health insurance fee; respondent is directed to pay one half of his child support payments directly for the child's college education and respondent is to pay the remainder of said college costs, except to the extent that there is a college health insurance fee which respondent can opt out of as long as he has provided separate health insurance coverage to the child; and, as so modified, affirmed.