■ In the Matter of CHRISTOPHER BURGER, Appellant, v FAITH BRENNAN, Respondent. [909 NYS2d 370]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Christopher, J.), dated September 30, 2009, which dismissed his objections to an order of the same court (Miklitsch, S.M.), dated September 1, 2009, which, after a hearing, determined, inter alia, that he was entitled to a credit in the sum of only $9,376.65.

Ordered that the order dated September 30, 2009, is affirmed, without costs or disbursements.

The issues raised by the father on this appeal are not reviewable. The Family Court dismissed the father's objections on the ground that he failed to file adequate proof of service of a copy of the objections on the mother. In this regard, the purported affidavit of service filed by the father did not identify any date of alleged service. Notably, no rebuttal to the objections was filed by the mother. Family Court Act § 439 (e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal." By failing to file adequate proof of service of a copy of his objections on the mother, " 'the father failed to fulfill a condition precedent to filing timely written objections to the Support Magistrate's order' " (*Matter of Simpson v Gelin*, 48 AD3d 693, 693 [2008], quoting *Matter of Chukwuogo v Chukwuogo*, 46 AD3d 558, 559 [2007]; *see Matter of Suffolk County Commr. of Social Servs. [Roman] v Carnegie*, 12 AD3d 683 [2004]; *Matter of Lane v Lane*, 8 AD3d 486 [2004]; *Matter of Happich v Happich*, 285 AD2d 509 [2001]; *Matter of Star v Frazer*, 232 AD2d 570 [1996]). Skelos, J.P., Eng, Belen and Hall, JJ., concur.