■ In the Matter of JILL K. RILEY, Respondent, v PETER F. RILEY, Appellant. [921 NYS2d 914]—

Lahtinen, J. Appeals (1) from an order of the Family Court of Greene County (Pulver, Jr., J.), entered January 20, 2010, which, in a proceeding pursuant to Family Ct Act article 4, dismissed respondent's objections to the order of a Support Magistrate, and (2) from an order of said court, entered May 17, 2010, which, upon reargument, adhered to the prior order.

Petitioner commenced this proceeding alleging that respondent willfully violated a support order by, among other things, refusing to pay college costs of the parties' child and failing to pay previously awarded counsel fees (see Matter of Riley v Riley, 29 AD3d 1146 [2006]). Following a hearing, a Support Magistrate determined that respondent had willfully violated the support order and directed that he pay in excess of $40,000 for various amounts that he owed. Respondent filed objections and served a copy of the objections upon petitioner's counsel, but failed to file proof of service with the court as required by Family Ct Act § 439 (e). After petitioner served her rebuttal, Family

Court issued an order dismissing respondent's objections because he failed to file proof of service of his objections upon petitioner with the court. Upon respondent's motion, Family Court granted reargument but, after reconsideration, adhered to its prior determination. Respondent appeals.

We affirm. Failure to timely file such proof of service constitutes an adequate ground to dismiss a party's objections (*see* Family Ct Act § 439 [e]; *Matter of Bucek v Rogers*, 301 AD2d 973, 975 [2003]; *see also Matter of Burger v Brennan*, 77 AD3d 828 [2010]). While this Court has acknowledged Family Court's discretion to overlook a party's failure to timely file proof of service of the objections on the opposing party and reach the merits in some circumstances (*see Matter of Stephen W. v Christina X.*, 80 AD3d 1083, 1084 [2011]; *Rossiter v Rossiter*, 56 AD3d 1011, 1011 n 1 [2008]; *see also Matter of Latimer v Cartin*, 57 AD3d 1264, 1265 [2008]; *Matter of Ogborn v Hilts*, 262 AD2d 857, 858 [1999]), we have never held that it is an abuse of discretion for a court to require adherence to the statutory requirements of Family Ct Act § 439 (e) or to dismiss objections upon a party's failure to adhere to that statute. Our review of the record reveals no extraordinary or prejudicial circumstances which would persuade us otherwise.

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.