■ In the Matter of LAWRENCE WORNER, Respondent, v SUSAN GAVIN, Appellant. [978 NYS2d 88]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Orange County (Kiedaisch, J.), dated February 27, 2012, which denied, as untimely, her objections to an order of the same court (Krahulik, S.M.) dated December 5, 2011, which, after a hearing, granted the father's petition to terminate his child support obligation and directed her to pay child support to the father in the sum of $178 per week.

Ordered that the order dated February 27, 2012, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a determination of the mother's objections on the merits.

Family Court Act § 439 (e) provides that a party filing objections must serve those objections upon the opposing party, and that proof of service must be filed with the court at the time that the party's objections are filed. Here, the record indicates that, on January 19, 2012, the mother timely filed objections to the child support order dated December 5, 2011, which was mailed to the parties on December 15, 2011, and served a copy of those objections upon the father, but failed to file proof of service of the objections at the time of the filing, as required by Family Court Act § 439 (e). However, the mother, who was

proceeding pro se, received a letter from the court dated January 19, 2012, the same day she filed her objections, informing her that she had failed to submit proof of service of her objections, and stating that she had two weeks within which to correct the defect and submit the appropriate documentation. The mother then filed proof of service with the court six days later. Moreover, the affidavit of service filed by the mother indicates that the father was served with a copy of her objections within the statutory 35-day period (*see* Family Court Act § 439 [e]), and the father filed a rebuttal to the mother's objections. Under the particular circumstances of this case, the Family Court should not have denied the mother's objections on the ground that they were untimely (*see* CPLR 2001; *Matter of Nash v Yablon-Nash*, 106 AD3d 740, 741 [2013]; *Matter of Perez v Villamil*, 19 AD3d 501, 501-502 [2005]; *Matter of Corcoran v Stuart*, 215 AD2d 340 [1995]; *see also Matter of Ogborn v Hilts*, 262 AD2d 857 [1999]).

Since the Family Court failed to consider the mother's objections on the merits, the matter must be remitted to the Family Court, Orange County, for a determination of the objections on the merits.

In light of our determination, we need not reach the mother's remaining contention. Mastro, J.P., Lott, Austin and Roman, JJ., concur.