State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: October 20, 2016                    522412
_____

In the Matter of THERESA ANN
    HOBBS,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

TERRANCE ALVIN WANSLEY,
                        Respondent.
_____

Calendar Date:  September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Martin, Shudt, Wallace, DiLorenzo & Johnson, Troy (Robert
L. Adams of counsel), for appellant.

        LaFave, Wein & Frament PLLC, Guilderland (Chad A. Jerome of
counsel), for respondent.

_____

McCarthy, J.

        Appeal from an order of the Family Court of Rensselaer
County (Kehn, J.), entered March 11, 2015, which, in a proceeding
pursuant to Family Ct Act article 4, among other things,
dismissed petitioner's objections to an order of child support.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a son (born in 2013).
In 2014, the mother commenced this proceeding for an order of
support as to the child.  After a hearing on the petition, the
Support Magistrate ordered the father to pay the mother $1,279
monthly, to commence in February 2015, for the support and care
of the child, and awarded the mother $9,138 in retroactive child
support.  Thereafter, both the mother and the father filed

objections to the aforementioned order, and the mother, in addition, moved for Family Court to consider her objections despite the fact that they were filed after the statutory deadline (see Family Ct Act § 439 [e]). In its subsequent order, Family Court dismissed the mother's objections without consideration of the merits based on the untimely filing, and, after considering the merits of the father's objections, affirmed the Support Magistrate's order. The mother appeals, and we reverse.

We agree with the mother that Family Court ought to have considered the merits of her objections despite the fact that they were untimely filed on the first morning that the courthouse was open after the objections had been due. More specifically, we disagree with the court that the circumstances that caused the untimely filing were not "extraordinary" for the purposes of excusing the untimeliness. "Specific written objections to a final order of a support magistrate may be filed by either party with the court within [30] days after receipt of the order in court or by personal service, or, if the objecting party or parties did not receive the order in court or by personal service, [35] days after mailing of the order to such party or parties" (Family Ct Act § 439 [e]). "Strict adherence to this deadline is not required; Family Court has discretion to overlook a minor failure to comply with the statutory requirements regarding filing objections and address the merits" (Matter of Ryan v Ryan, 110 AD3d 1176, 1178 [2013]; see Matter of Riley v Riley, 84 AD3d 1473, 1474 [2011]).

The uncontested evidence establishes that the mother attempted to file her objections on the afternoon of the final day upon which the objections would be timely. The mother averred that she arrived at the courthouse at 4:45 p.m. to file the objections, having relied on the hours of operation for that courthouse as listed on the New York State Unified Court System (hereinafter NYSUCS) website. As a contemporaneous screenshot from the NYSUCS website establishes, NYSUCS advertised the hours of operation of the courthouse as being from "9:00 a.m. to 5:00 p.m." Despite these advertised hours, the courthouse was closed when the mother arrived. Both parties now agree that the actual regular hours of operation of the courthouse included the

courthouse closing at 4:30 p.m., which explains its closure when the mother arrived.  Considering this proof establishing that the mother would have timely submitted her objections but for the inaccurate information provided by the NYSUCS website, Family Court ought to have excused her untimely filing (see Matter of Worner v Gavin, 112 AD3d 956, 957 [2013]; Matter of Ryan v Ryan, 110 AD3d at 1178).  Accordingly, we remit for Family Court to consider the mother's objections on the merits (see Matter of Worner v Gavin, 112 AD3d at 957).

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court