■ In the Matter of ANDREA TERESS JORDAN, Appellant, v ANDREW MICHAEL HORSTMEYER, Respondent. [60 NYS3d 549]—

Devine, J. Appeals (1) from an order of the Family Court of Ulster County (Stegmayer, S.M.), entered August 4, 2015, which, in a proceeding pursuant to Family Ct Act article 4, among other things, awarded counsel fees to petitioner, and (2) from an order of said court (McGinty, J.), dated October 19, 2015, which denied petitioner's objections to the counsel fee award.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 2009). The child is in the care of the mother and a support order issued in 2013 required the father to, among other things, reimburse the mother for 42% of her child care expenses.

The mother filed a petition in 2015 alleging that the father had willfully violated the 2013 order in that regard and seeking an award of arrears and counsel fees. The Support Magistrate, upon the parties' stipulation, found the father to be in willful violation of the 2013 order and directed judgment against him for $7,100 in arrears. The parties agreed that an award of counsel fees to the mother was called for but could not agree on the amount, instead agreeing to allow the Support Magistrate to determine the award on papers. The Support Magistrate thereafter ordered the father to pay the mother $9,395.13 in counsel fees on an installment basis—less than the amount she had requested—and failed to direct that the fee award be reduced to a judgment as called for by the parties' stipulation. The mother appeals from both that order and the subsequent Family Court order denying her objections to it.

The mother endeavors to appeal directly from the order of the Support Magistrate but, inasmuch as that order was superceded by the order of Family Court addressing her objections to it, she may not do so (*see* Family Ct Act § 439 [e]; *Matter of Corry v Corry*, 59 AD3d 618, 618 [2009]; *Matter of Freed-*

*man v Horike,* 26 AD3d 680, 681 n [2006]; *Matter of Armstrong v Belrose,* 9 AD3d 625, 626 n 2 [2004]). As for the mother's appeal from the order of Family Court, the record is devoid of proof that the order was entered and, as we have noted in a similar context, "appeals from orders that have not been entered are subject to dismissal" (*Matter of Ryan v Nolan,* 134 AD3d 1259, 1261 n [2015]).* The record contains minimally adequate proof that the Family Court order was filed, however, and we "deem filing the equivalent of entry for purposes of jurisdiction and treat the filing date as the date of entry" (*id.*).

Turning to the substance of the appeal from that order, Family Court denied the mother's objections to the Support Magistrate's order upon the ground that she could not challenge an order entered upon consent. While "[i]t is well settled that no appeal lies from an order issued on consent" (*Matter of O'Sullivan v Schebilski,* 138 AD3d 1170, 1172 [2016]; *see Matter of Culton v Culton,* 2 AD3d 1446, 1446 [2003]), that rule does not apply where the order "differs from or exceeds the consent" (*Hatsis v Hatsis,* 122 AD2d 111, 111 [1986]). The arguments advanced by the mother fall within the exception to the rule barring appeals from consent orders and, accordingly, Family Court's order must be reversed.

The mother maintained before Family Court, and continues to argue, that the amount of the counsel fee award was arbitrary and capricious, and that the Support Magistrate erred in failing to issue a money judgment for that amount. With regard to the fee award, the parties' stipulation made clear that there was no "agreement concerning the counsel fees that [the mother was] entitled to be awarded." The parties instead stipulated that the Support Magistrate would "determine the amount of the counsel fee award" barring a later agreement, rendering the amount of the fee award an issue beyond the terms of the stipulation that the mother was free to object to (*see e.g. Matter of Daniel W. v Kimberly W.,* 135 AD3d 1000, 1001 [2016]; *Senior v Senior,* 152 AD2d 784, 784-785

---

* While it is true that entry plays no role in measuring the timeliness of an appeal under Family Ct Act § 1113 (*see Matter of Miller v Mace,* 74 AD3d 1442, 1443 [2010]), it is also true that "[t]he provisions of the [CPLR] apply where appropriate to appeals" filed under the Family Ct Act (Family Ct Act § 1118). Those provisions include requirements that "[a]n order determining a motion shall be entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]) and that a notice of appeal must be "fil[ed] in the office where the [appealed-from] judgment or order . . . is entered" (CPLR 5515 [1]; *see* Family Ct Act § 1115). We accordingly reiterate our caution that a failure to enter a Family Court order is in no way "the best practice" (*Matter of Ryan v Nolan,* 134 AD3d at 1261 n).

[1989]; *cf. Matter of Barnes v Abrams*, 124 AD3d 1000, 1001 [2015] [superfluous verbiage in consent order did not render it appealable]). The parties further stipulated that the mother was "entitled to a money judgment in the amount of . . . the counsel fee award and the costs of this proceeding," rendering the failure of the Support Magistrate to issue that judgment an appealable deviation from the stipulation's terms.

In light of the foregoing, Family Court was obliged to consider the merits of the mother's objections to the Support Magistrate's order notwithstanding the parties' stipulation, and the failure of Family Court to do so leaves us at a distinct disadvantage given the lack of explanation as to how the Support Magistrate calculated the fee award. We therefore remit so that Family Court may grapple with the mother's objections upon the merits and "(i) remand one or more issues of fact to the [S]upport [M]agistrate, (ii) make, with or without holding a new hearing, his or her own findings of fact and order, or (iii) deny the objections" (Family Ct Act § 439 [e]; *see Matter of Hobbs v Wansley*, 143 AD3d 1138, 1138-1139 [2016]; *Matter of Manning v Sobotka*, 107 AD3d 1638, 1639 [2013]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the appeal from the order entered August 4, 2015 is dismissed. Ordered that the order dated October 19, 2015 is reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision.

---

Motion for reconsideration.

Upon the papers filed in support of the motion, and no papers having been filed in opposition thereto, it is

Ordered that the motion is granted, without costs, and the memorandum and order decided and entered April 13, 2017 (149 AD3d 1307 [2017]) is vacated, and the attached memorandum and order is substituted therefor. McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ., concur.