■ In the Matter of TRICIA ALBERINO, Respondent, v CHRISTOPHER ALBERINO, Appellant. [62 NYS3d 612]—

McCarthy, J.P. Appeals (1) from an order of the Family Court of Rensselaer County (Kehn, J.), entered February 18, 2016, which, in a proceeding pursuant to Family Ct Act article 4, dismissed respondent's objections to an order of the Support Magistrate as untimely, and (2) from an order of said court, entered April 20, 2016, which denied respondent's motion to renew.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children. The mother commenced this proceeding seeking to modify an order of child support. After a hearing on the petition, the Support Magistrate modified the prior order by increasing the father's weekly child support obligation. The order was entered on December 1, 2015 and mailed to the parties on December 3, 2015.

The father's attorney attempted to file objections with Family Court at 4:36 p.m. on January 7, 2016—the statutory filing deadline (*see* Family Ct Act § 439 [e])—but was prevented from doing so because the courthouse was closed. Counsel mailed a copy of the objections to the mother and her counsel that day. Counsel also mailed a copy to the court, along with a letter explaining the unsuccessful attempt at filing, and filed the objections with the court in person early the following morning. The mother filed a rebuttal, with no mention of the timing of the objections. Family Court dismissed the objections as untimely. The father then moved to renew, providing affidavits explaining why the objections were filed after the deadline. Family Court denied that motion. The father appeals from the order dismissing his objections and from the order denying renewal. We reverse.

Family Court abused its discretion when it dismissed the father's objections as untimely. To obtain review of a Support Magistrate's order, a dissatisfied party must file objections with Family Court within 30 days of personal service or 35

days after the order was mailed to that party (*see* Family Ct Act § 439 [e]). "Unlike the nonwaivable and jurisdictional time period for filing a notice of appeal, the courts need not require strict adherence" to this filing deadline (*Matter of Ogborn v Hilts*, 262 AD2d 857, 858 [1999] [citations omitted]; *see Matter of Hobbs v Wansley*, 143 AD3d 1138, 1139 [2016]). "Family Court has discretion to overlook a minor failure to comply with the statutory requirements regarding filing objections and address the merits" (*Matter of Ryan v Ryan*, 110 AD3d 1176, 1178 [2013]; *accord Matter of Hobbs v Wansley*, 143 AD3d at 1139).

Because the mother did not complain about timeliness in her rebuttal, and the father had been assured by court staff that he would not be penalized for filing objections the day after the deadline, he did not address the timeliness of his objections to Family Court. When the court denied his objections based on timeliness, the father moved to renew his application, supporting the motion with three affidavits, as well as other documents. In the affidavits, two attorneys and a law clerk from the firm representing the father averred that their office called the Family Court Clerk's office earlier in the week and verified that the court would be open until 5:00 p.m. on the filing deadline. They also checked the court's hours of operation on the Unified Court System website, which listed them as 9:00 a.m. to 5:00 p.m. On January 7, 2016, one of the employees dropped another off at the courthouse at 4:36 p.m., but she was denied entrance and was informed by a court officer that the building and Clerk's window were closed. A sign on the door indicated that the building closes at 4:30 p.m.

The objections were timely served by mail on the mother and her counsel on January 7, 2016. Counsel also wrote a letter explaining the building closure problem and mailed the letter, along with a copy of the objections, to Family Court on January 7. At 8:30 a.m. on January 8, 2016, two attorneys representing the father met with the Deputy Chief Clerk of Family Court, who informed them that counsel should have been admitted to the courthouse and permitted to file papers until 5:00 p.m. on January 7. Another court employee acknowledged the 5:00 p.m. closure time listed on the website. Court staff informed counsel that the objections would be deemed timely filed and the father would suffer no prejudice due to the delay in filing. Counsel averred that, due to the court staff's assurances, they did not file a motion for extension of time to file objections or for the court to accept the late-filed documents.

The father attempted to timely file his objections, and would have done so but for the inaccurate closing times provided by

Family Court's staff and the Unified Court System website. His counsel then mailed the objections to the court on the deadline, with an explanation, and went to the court first thing the next morning to address the problem and file the objections. The father timely served the objections on the mother and her counsel, who did not complain about the late filing (*see Matter of Worner v Gavin*, 112 AD3d 956, 957 [2013]). Moreover, the court later exercised its discretion to grant the mother a 21-day extension to file her rebuttal; that extension was not granted until after the mother's statutory deadline had passed. Although the father could have moved for an extension of time to file—a failure that Family Court cited in its first decision—counsel adequately explained why no such motion was made, based on the assurances from court staff, including the Deputy Chief Clerk, that the father would not be penalized due to misinformation given by court employees. Under these circumstances, we conclude that Family Court ought to have excused the father's one-day delay in filing his objections (*see Matter of Hobbs v Wansley*, 143 AD3d at 1139; *Matter of Ryan v Ryan*, 110 AD3d at 1178-1179). Accordingly, we remit for Family Court to consider the merits of the father's objections.

Egan Jr., Lynch and Devine, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.