Matter of Deyanira P. v Rodolfo P.-B. (2020 NY Slip Op 03918)





Matter of Deyanira P. v Rodolfo P.-B.


2020 NY Slip Op 03918


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-05479
 (Docket No. P-21239-18)

[*1]In the Matter of Deyanira P. (Anonymous), appellant,
v
Rodolfo P.-B. (Anonymous), respondent.


Deyanira P., Brooklyn, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the mother appeals from an order of the Family Court, Kings County (Susan Quirk, J.), dated April 10, 2019. The order denied the mother's objections to an order of the same court (Nicolas J. Palos, S.M.) dated February 14, 2019, made after a hearing, dismissing the petition, inter alia, to establish the father's filiation of the subject child, on the ground that the mother failed to properly serve her objections upon the father.
ORDERED that the order dated April 10, 2019, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a determination of the mother's objections on the merits.
The mother's petition sought to establish the father's filiation of the subject child, and an award of child support. After a hearing, the Support Magistrate found that the father's filiation had previously been established, but entered an order dismissing the petition on the ground that the mother, in effect, surrendered custody of the child to a relative residing in another state, and therefore, lacked standing to pursue an award of child support. The mother filed objections to the Support Magistrate's order. In an order dated April 10, 2019, the Family Court summarily rejected the mother's objections, finding that the mother failed to properly serve her objections upon the father. The mother appeals.
We disagree with the Family Court's determination to deny the mother's objections on the ground that she failed to properly serve the father. "Family Court Act § 439(e) provides, in pertinent part, that [a] party filing objections shall serve a copy of such objections upon the opposing party,' and that [p]roof of service upon the opposing party shall be filed with the [Family Court] at the time of filing of objections and any rebuttal'" (Matter of Ndukwe v Ogbaegbe, 150 AD3d 858, 858). Here, the mother served her objections upon the father at an address in Brooklyn, which was the same address she listed for the father in her petition. The court rejected the proof of service because, inter alia, the court file reflected a Delaware address for the father. While the mother was generally aware that the father represented to the court that his address was in Delaware, there was no evidence in the record that the address was ever disclosed to the mother. Moreover, following the mailing of the original summons to the father's Brooklyn address, he filed an Address Confidentiality Affidavit. In his Address Confidentiality Affidavit, the father failed to specify an agent for service, and there was no evidence that the mother ever received notice of an agent for service for the father as required by Family Court Act § 154-b(2)(c). Under these circumstances, the mother had insufficient notice of the father's purported new address in Delaware and lacked notice [*2]of an agent for service for the father. Therefore, service upon the father at the address last known to the mother was proper (see CPLR 2103[b][2]; [c]; Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245; Rosenbaum v Scott, 233 AD2d 312, 313).
Since the mother's objections were summarily rejected on procedural grounds, we remit the matter to the Family Court, Kings County, for a determination of her objections on the merits (see Matter of Worner v Gavin, 112 AD3d 956, 956).
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court