Matter of Sheridan v Koelmel (2021 NY Slip Op 00312)





Matter of Sheridan v Koelmel


2021 NY Slip Op 00312


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-12275
 (Docket No. F-9845-16)

[*1]In the Matter of Rachel E. Sheridan, respondent,
v
Robert J. Koelmel, appellant.


Robert J. Koelmel, Woodbury, Connecticut, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court article 4, the father appeals from an order of the Family Court, Nassau County, (Conrad D. Singer, J.), dated September 19, 2019. The order denied the father's objections to so much of an order of the same court (Adam E. Small, S.M.) dated July 25, 2019, as, after a hearing, granted that branch of the mother's petition which was to modify the child support provision of a judgment of divorce dated January 9, 2009, so as to increase the father's support obligation. The notice of appeal from the order dated July 25, 2019, is deemed to be a notice of appeal from the order dated September 19, 2019 (see CPLR 5512[a]).
ORDERED that the order dated September 19, 2019, is affirmed, without costs or disbursements.
The mother and the father, who have three children together, were divorced by judgment of divorce dated January 9, 2009. In 2018, the mother filed a petition, inter alia, to modify the child support provision of the judgment of divorce so as to increase the father's support obligation. In an order dated July 25, 2019, made after a hearing, a Support Magistrate, among other things, granted that branch of the mother's petition. The father thereafter filed objections to the Support Magistrate's order, which were denied by order of the Family Court dated September 19, 2019. The father appeals.
We agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order on the procedural ground that the father failed to file sufficient proof of service of a copy of the objections upon the mother. Family Court Act § 439(e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections." Such proof of service must specify, among other things, "the person who was served and the date, time, address, or, in the event there is no address, place and manner of service" (CPLR 306[a]).
Here, the father's proof of service of his objections on the mother was deficient in that it failed to include an address or place of service. Notably, the mother did not file any rebuttal to the objections.
By failing to file sufficient proof of service of a copy of his objections upon the mother, the father failed to fulfill a condition precedent for Family Court review of his objections [*2](see Matter of Hopkins v Hopkins, 178 AD3d 1045, 1046; Matter of Carroll v Brodsky, 168 AD3d 727, 728). Under these circumstances, the objections were properly denied and the issues raised by the father on this appeal concerning modification of the child support provision of the judgment of divorce are not reviewable.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court