Matter of Angel L. V. v Deja M. E. (2022 NY Slip Op 00673)





Matter of Angel L. V. v Deja M. E.


2022 NY Slip Op 00673


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2021-02954
 (Docket No. P-1897-20)

[*1]In the Matter of Angel L.. (Anonymous), appellant, 
v
Deja M. E. (Anonymous), respondent.


Angel L. V., Brooklyn, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated March 10, 2021. The order denied the petitioner's objections to an order of the same court (Gladys E. Braxton, S.M.) dated November 16, 2020, denying the petition and dismissing the proceeding.
ORDERED that the order dated March 10, 2021, is affirmed, without costs or disbursements.
In June 2020, the petitioner commenced this proceeding for a declaration that he is the father of the subject child, who was born in 2012, and an order for genetic testing. After determining that the mother married her husband in April 2017, the Support Magistrate denied the petition and dismissed the proceeding. The petitioner thereafter filed objections to the Support Magistrate's order, which were denied by the Family Court in an order dated March 10, 2021. The petitioner appeals.
The Family Court properly denied the petitioner's objections to the Support Magistrate's order on the procedural ground that the petitioner failed to timely file sufficient proof of service of a copy of the objections upon the mother. Family Court Act § 439(e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections."
Here, the petitioner's proof of service of his objections on the mother was not filed with the Family Court until 23 days after the petitioner had already filed the objections, and 14 days after the time to file objections with proper proof of service had expired (see id.).
By failing to timely file proof of service of a copy of his objections upon the mother, the petitioner failed to fulfill a condition precedent for Family Court review of his objections (see Matter of Sheridan v Koelmel, 190 AD3d 859; Matter of Hopkins v Hopkins, 178 AD3d 1045; Matter of Ishmael A. A.-S. v Sacha C., 169 AD3d 662). Under these circumstances, the objections were properly denied and the issues raised by the petitioner on this appeal are not reviewable (see Matter of Sheridan v Koelmel, 190 AD3d 859; Matter of Hopkins v Hopkins, 178 AD3d 1045; Matter of Ishmael A. A.-S. v Sacha C., 169 AD3d 662).
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court