Matter of Nizen v Jacobellis (2022 NY Slip Op 01299)





Matter of Nizen v Jacobellis


2022 NY Slip Op 01299


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2021-06576
2021-06577
 (Docket No. F-9257-18)

[*1]In the Matter of Jeffrey F. Nizen, appellant, 
v
Karen M. Jacobellis, respondent.


Marnell Law Group, P.C., Melville, NY (Russell I. Marnell of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Althea V. Fields, S.M.), dated January 19, 2021, and (2) an order of the same court (Paul M. Hensley, J.), dated August 18, 2021. The order dated January 19, 2021, insofar as appealed from, after a hearing, directed the father to pay arrears in the total sum of $30,900. The order dated August 18, 2021, denied the father's objections to so much of the order dated January 19, 2021, as directed him to pay arrears in the total sum of $30,900.
ORDERED that the appeal from the order dated January 19, 2021, is dismissed, without costs or disbursements, as that order was superseded by the order dated August 18, 2021; and it is further,
ORDERED that the order dated August 18, 2021, is affirmed, without costs or disbursements.
The parties, who have two children together, divorced in 2017. Pursuant to an amendment to the parties' separation agreement, which was incorporated but not merged into the judgment of divorce, the father was required to pay, inter alia, arrears for child support, maintenance, and "add-ons." In September 2020, the father filed a petition to modify a prior order dated December 11, 2019, directing, among other things, that he pay arrears in the total sum of $34,250, alleging that he had not been properly credited for payments he made toward the arrears. In an order dated January 19, 2021, made after a hearing, the Support Magistrate, inter alia, directed the father pay arrears in the total sum of $30,900. The father filed objections to the order dated January 19, 2021, asserting that the order failed to adequately credit him for payments he made toward the arrears. The father attempted to effectuate service of his objections upon the mother, who was not represented by counsel, via email. The mother did not file a rebuttal to the father's objections. In an order dated August 18, 2021, the Family Court denied the father's objections on the ground of improper service. The father appeals.
Contrary to the father's contention, the Family Court properly denied his objections on the ground of improper service. Family Court Act § 439(e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections" (id.). Since Family Court Act § 439(e) does not set forth the permissible methods for service of objections, the provisions of the Civil Practice Law and Rules are applicable (see Family Ct Act § 165[a]). Pursuant to CPLR 2103(b), "papers to be served upon a party," which includes [*2]an "opposing party" as described in Family Court Act § 439(e) (see Matter of Etuk v Etuk, 300 AD2d 483, 484), "shall be served upon the party's attorney" (CPLR 2103[b]), and may be served by, inter alia, transmitting the papers to the attorney by email when the transmission by email is made "upon the party's written consent" (id. § 2103[b][7]). However, "[i]f a party has not appeared by an attorney . . . , service shall be upon the party" (id. § 2103[c]), and may be made by certain methods set forth in CPLR 2103(b), such as personal delivery (see id. § 2103[b][1]; [c]). Service by email is not one of the permissible methods of service of papers upon a party who has not appeared by an attorney (see id. § 2103[c]).
Here, the father did not claim or present proof that he attempted to serve his objections upon the mother by any means other than email, which was not a permissible method of service because the mother was not represented by counsel (see id.). Since the father failed to serve his objections upon the mother in compliance with CPLR 2103(c), the father's proof of service of the objections upon the mother was deficient (see Family Ct Act § 439[e]). Therefore, "the father failed to fulfill a condition precedent to filing timely written objections . . . and, thus, failed to exhaust the Family Court procedure for review of his objections" (Matter of Ishmael A.A.-S. v Sacha C., 169 AD3d 662, 663; see Matter of Sheridan v Koelmel, 190 AD3d 859, 860; Matter of Simpson v Gelin, 48 AD3d 693; Matter of Chukwuogo v Chukwuogo, 46 AD3d 558). Consequently, the father's contentions regarding the merits of his objections are not reviewable (see Matter of Ishmael A.A.-S. v Sacha C., 169 AD3d at 663; Matter of Carroll v Brodsky, 168 AD3d 727, 728).
Accordingly, the Family Court properly denied the father's objections to the order dated January 19, 2021.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court