Matter of Sasso v Sasso (2022 NY Slip Op 02806)

Matter of Sasso v Sasso

2022 NY Slip Op 02806

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2021-03389
 (Docket No. F-5301-20)

[*1]In the Matter of Matthew Sasso, respondent,
v
Christine Sasso, appellant.

Mitev Law Firm, P.C., Stony Brook, NY (Vesselin Mitev of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated April 12, 2021. The order denied the mother's objections to so much of an order of the same court (Kathryn L. Coward, S.M.) dated January 29, 2021, as, after a hearing, granted the father's petition for a downward modification of his child support obligation.
ORDERED that the order dated April 12, 2021 is affirmed, without costs or disbursements.
The parties to this proceeding are divorced and have two children together. The father filed a petition seeking a downward modification of his child support obligation. After a hearing before a Support Magistrate, the father's petition was granted. The mother filed timely objections to the Support Magistrate's determination. In the order appealed from, dated April 12, 2021, the Family Court denied the objections based on the mother's failure to file proof of service of the objections, as required pursuant to Family Court Act 439(e). The mother appeals. We affirm.
Pursuant to Family Court Act § 439(e), as relevant, "[a] party filing objections [to a Support Magistrate's determination] shall serve a copy of such objections upon the opposing party . . . . Proof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal." In this case, the father did not file a rebuttal, and there is no proof in the record that he or his attorney received the mother's objections.
By failing to file proof of service of a copy of her objections upon the father's attorney, the mother failed to fulfill a condition precedent for Family Court review of her objections (see Matter of Angel L.V. v Deja M.E., 202 AD3d 699, 700; Matter of Sheridan v Koelmel, 190 AD3d 859, 860; Matter of Hopkins v Hopkins, 178 AD3d 1045, 1046). As such, the mother's objections were properly denied by the Family Court.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court