Matter of Benzaquen v Abraham (2023 NY Slip Op 05498)

Matter of Benzaquen v Abraham

2023 NY Slip Op 05498

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-07804
 (Docket Nos. F-4665-13/20L, F-4665-13/20N)

[*1]In the Matter of Marcos Jose Benzaquen, respondent,
v
Sharona Abraham, appellant. (Proceeding No. 1.)
In the Matter of Sharona Abraham, appellant,
v
Marcos Jose Benzaquen, respondent. (Proceeding No. 2.)

Law Office of Nancy T. Sherman, P.C., Great Neck, NY, for appellant.
The Steiner Law Firm, PLLC, Croton-on-Hudson, NY (Norman Steiner of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Colin Francis O'Donnell, J.), dated August 31, 2022. The order denied the mother's objections to an order of disposition of the same court (Lisa M. Williams, S.M.) dated February 15, 2022, which, after a hearing, granted the mother's petition, inter alia, to enforce certain provisions of an order of support only to the extent of directing the father to pay the mother the sum of $11,200.
ORDERED that the order dated August 31, 2022, is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Family Court, Nassau County, for a determination of the mother's objections on the merits.
On July 21, 2020, the mother filed a petition, among other things, to enforce so much of an order of support as provided that the father was to pay 80% of certain educational expenses for one of the parties' children. The mother alleged that the father willfully failed to comply with the order of support and owed her the sum of $45,645 pursuant to the terms thereof. By order of disposition dated February 15, 2022, made after a hearing, a Support Magistrate, inter alia, declined to award the mother the full amount sought and instead directed the father to pay the mother the sum of $11,200. The Family Court mailed the order of disposition to the parties on February 24, 2022. On March 25, 2022, the mother filed objections with the court, asserting that she should have been awarded a higher amount. On April 5, 2022, the father submitted a rebuttal to the mother's objections. By order dated August 31, 2022, the court denied the mother's objections based on her failure to timely file proof of service pursuant to Family Court Act § 439(e). The mother appeals.
"Family Court Act § 439(e) provides, in pertinent part, that a party filing objections shall serve a copy of such objections upon the opposing party, and that proof of service upon the opposing party shall be filed with the court at the time of filing of objections" (Matter of Nizen v [*2]Jacobellis, 203 AD3d 719, 720 [alterations and internal quotation marks omitted]). Here, the Family Court improperly denied the mother's objections on the ground that she failed to timely file proof of service. The mother timely filed her objections and timely served a copy thereof upon the father in compliance with Family Court Act § 439(e). She failed to file proof of service at the time of filing of the objections, as required by the statute, but nonetheless filed such proof two weeks later. Notably, the father submitted a rebuttal and did not raise the proof of service issue (cf. Matter of Burger v Brennan, 77 AD3d 828, 828). Under the particular circumstances of this case, the court should not have denied the mother's objections due to her failure to comply with the proof of service requirement of Family Court Act § 439(e), and instead should have considered the merits of her objections (see Matter of Sigourney v Santaro, 192 AD3d 1482, 1483; Matter of Deyanira P. v Rodolfo P.-B., 185 AD3d 829, 829-830; Matter of Worner v Gavin, 112 AD3d 956, 956-957; Matter of Nash v Yablon-Nash, 106 AD3d 740, 741; Matter of H.M. v E.T., 89 AD3d 848, 849).
Since the mother's objections were summarily rejected on procedural grounds, we remit the matter to the Family Court, Nassau County, for a determination of her objections on the merits (see Matter of Deyanira P. v Rodolfo P.-B., 185 AD3d at 830; Matter of Worner v Gavin, 112 AD3d at 957).
CONNOLLY, J.P., MALTESE, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court