Matter of Chesher v Chesher (2025 NY Slip Op 01802)

Matter of Chesher v Chesher

2025 NY Slip Op 01802

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-08760
 (Docket Nos. F-16668-14/22J, F-16668-14/23K, F-16668-14/23M)

[*1]In the Matter of Mary Chesher, respondent,
v
Matthew Chesher, appellant.

William B. Baier, Bohemia, NY, for appellant.
Jeffrey S. Schecter & Associates, P.C., Garden City, NY (Kara K. Miller of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated August 15, 2023. The order denied the father's objections to so much of an order of disposition of the same court (Darlene Jorif-Mangane, S.M.) dated June 30, 2023, made after a hearing, as found that the father willfully violated a prior order of support and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $85,769.35.
ORDERED that the order dated August 15, 2023, is affirmed, with costs.
The parties have three children together. A judgment of divorce entered June 3, 2016, required the father to pay child support and spousal support to the mother, retroactive to June 24, 2011. In June 2022, the mother filed a petition alleging, inter alia, that the father had failed to make certain required child support and spousal support payments between June 24, 2011, and February 1, 2019.
After a hearing, in an order of disposition dated June 30, 2023, the Support Magistrate, among other things, found that the father willfully violated a prior order of support and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $85,769.35. On July 27, 2023, the father filed objections to the Support Magistrate's order of disposition. In an order dated August 15, 2023, the Family Court denied the father's objections on the ground that he had failed to file proof of service, as required under Family Court Act § 439(e). The father appeals.
Family Court Act § 439(e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party" and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal" (see Matter of Angel L.V. v Deja M.E., 202 AD3d 699, 700; Matter of Hopkins v Hopkins, 178 AD3d 1045, 1046). On appeal, the father does not challenge the Family Court's determination that his July 27, 2023 objections to the Support Magistrate's order of disposition were filed without proof of service. Thus, the order denying the father's objections must be affirmed (see Matter of Hanisz v [*2]Wright, 229 AD3d 548, 549; Matter of Rondello v Jack, 227 AD3d 1001, 1001-1002).
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court