Matter of Shadiyah C. v Reginald C. (2025 NY Slip Op 01923)

Matter of Shadiyah C. v Reginald C.

2025 NY Slip Op 01923

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-07830
2024-08165
 (Docket No. F-21511-23)

[*1]In the Matter of Shadiyah C. (Anonymous), respondent, 
v
Reginald C. (Anonymous), appellant.

Reginald C., Jamaica, NY, appellant pro se.
Shadiyah C., Rosedale, NY, respondent pro se.

DECISION & ORDER
In consolidated proceedings pursuant to Family Court Act articles 4 and 5, the father appeals from (1) an order of the Family Court, Queens County (Lisa J. Friederwitzer, J.), dated June 20, 2024, and (2) an order of the same court dated July 9, 2024. The order dated June 20, 2024, denied the father's objections to an order of the same court (Sudeep Kaur, S.M.) dated May 9, 2024, which, inter alia, after a hearing and upon an order of filiation of the same court (Sudeep Kaur, S.M.) dated April 2, 2024, granted the mother's petition for an award of child support. The order dated July 9, 2024, denied the father's second set of objections to the order dated May 9, 2024.
ORDERED that the orders dated June 20, 2024, and July 9, 2024, are affirmed, with one bill of costs.
In May 2023, the mother commenced a paternity proceeding pursuant to Family Court Act article 5 to have the father adjudicated the father of the child Reginald C., Jr. In December 2023, the mother commenced a proceeding pursuant to Family Court Act article 4 against the father seeking child support for Reginald C., Jr., and the child Ramses C. In an order of filiation dated April 2, 2024, the Support Magistrate adjudicated the father to be the father of Reginald C., Jr. The Support Magistrate then consolidated the child support and paternity proceedings. After a hearing on the issue of child support, in an order dated May 9, 2024, the Support Magistrate, among other things, granted the mother's petition for an award of child support.
On May 24, 2024, the father filed objections (hereinafter the May objections) to the Support Magistrate's May 9, 2024 order. The mother did not file a rebuttal. In an order dated June 20, 2024, the Family Court denied the May objections on the ground that the father failed to file an affidavit of service demonstrating that his objections were served upon the mother.
On June 13, 2024, the father filed a second set of objections (hereinafter the June objections) to the Support Magistrate's May 9, 2024 order. The mother did not file a rebuttal. In an order dated July 9, 2024, the Family Court denied the June objections on the ground that the father's affidavit of service failed to indicate which documents were served upon the mother. The father appeals from the orders dated June 20, 2024, and July 9, 2024.
Family Court Act § 439(e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party" and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal" (see Matter of Angel L.V. v Deja M.E., 202 AD3d 699, 700).
Here, with regard to the May objections, the father failed to file proof of service of a copy of his objections upon the mother. As such, the father failed to fulfill a condition precedent for Family Court review of the May objections (see Matter of Alexander v Avilez, 233 AD3d 780; Matter of Hopkins v Hopkins, 178 AD3d 1045, 1046).
Although the father allegedly filed proof of service of the June objections, as the Family Court properly determined, such proof of service was deficient in that it failed to identify the documents, if any, that were served upon the mother. By failing to file sufficient proof of service of a copy of his objections upon the mother, the father failed to fulfill a condition precedent for Family Court review of the June objections (see Matter of Angel L.V. v Deja M.E., 202 AD3d at 700; Matter of Sheridan v Koelmel, 190 AD3d 859, 860). Thus, under the circumstances of this case, the May objections and the June objections were properly denied, and the issues raised by the father on these appeals are not reviewable (see Matter of Alexander v Avilez, 233 AD3d at 780; Matter of Angel L.V. v Deja M.E., 202 AD3d at 700; cf. Matter of Benzaquen v Abraham, 221 AD3d 599, 600).
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court