In the Matter of NATALIA SEMENOVA, Respondent, v. IGOR SEMENOV, Appellant. [925 NYS2d 872]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Sacco, J.), dated October 29, 2010, which denied his objections to so much of an order of the same court (Mahoney, S.M.) dated May 3, 2010, as, upon a decision of the same court (Mahoney, S.M.), also dated May 3, 2010, and findings of fact of the same court (Mahoney, S.M.), also dated May 3, 2010, after a hearing, in effect, denied that branch of his motion which was pursuant CPLR 3211 (a) (8) to dismiss the violation petition for lack of personal jurisdiction, in effect, denied that branch of his motion which was pursuant to CPLR 5015 (a) to vacate a child support order dated May 31, 2006, granted the mother's petition for an award of child support arrears, and directed the entry of a money judgment in favor of the mother and against him in the principal sum of $42,000.

Ordered that the order dated October 29, 2010, is modified, on the law, (1) by deleting the provision thereof, in effect, denying the father's objection to the determination in the order dated May 3, 2010, in effect, denying that branch of his motion which was pursuant CPLR 3211 (a) (8) to dismiss the petition for lack of personal jurisdiction, and substituting therefor a provision sustaining that objection, (2) by deleting the provision thereof, in effect, denying the father's objection to the determination in the order dated May 3, 2010, in effect, granting the mother's petition for an award of child support arrears, and substituting therefor a provision sustaining that objection and (3) by deleting the provision thereof, in effect, denying the father's objection to the determination in the order dated May 3, 2010, directing the entry of a money judgment in favor of the mother and against him in the principal sum of $42,000, and substituting therefor a provision sustaining that objection; as so modified, the order dated October 29, 2010, is affirmed, without costs or disbursements, that branch of the father's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the petition for lack of personal jurisdiction is granted, the determinations in the order dated May 3, 2010, granting the mother's petition for an award of child support arrears and directing the entry of a money judgment in favor of the mother and against the father in the principal sum of $42,000 are vacated, and the order dated May 3, 2010, is modified accordingly.

Since the father failed to file objections pursuant to Family Court Act § 439 (e) to an order of the Support Magistrate, dated March 3, 2008, denying a prior motion to vacate a child support order dated May 31, 2006, he waived appellate review of his contention that the child support order should be vacated pursuant to CPLR 5015 (a) (4) for failure to obtain personal jurisdiction over him. A party who fails to "exhaust the Family Court procedure for review of [his or her] objections" to a determination waives the right to appellate review of that determination (*see Matter of Davidson v Wilner*, 214 AD2d 563 [1995]; *see also Matter of Saunders v Smith*, 27 AD3d 759 [2006]). Accordingly, the father may not challenge the validity of the child support order dated May 31, 2006, through this appeal.

However, that branch of the father's motion which was to dismiss the mother's violation petition pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction should have been granted. Here, the mother served the summons and petition only on the father's attorney, relying upon CPLR 303, which, under certain circumstances, designates an attorney appearing for a party in another action as an agent for the acceptance of service of pro-

cess. The summons and petition were served on Nadia Youkelsone, the father's attorney of record in a civil action involving real estate, which was commenced by the father against the mother in Supreme Court, Richmond County. However, service of a summons in a proceeding alleging a violation of a support order is to be made pursuant to the provisions of Family Court Act § 427 (*see* Family Ct Act § 453). Service by means other than the means prescribed in Family Court Act § 427 is permissible, but only after "reasonable effort[s]" to effect personal service have been made and then only pursuant to a court order "providing for substituted service in the manner provided for substituted service in the [CPLR]" (Family Ct Act § 427 [b]). Since the mother never obtained a court order pursuant to Family Court Act § 427, service upon the father's attorney was insufficient to acquire personal jurisdiction over him, and that branch of his motion which was to dismiss the violation petition pursuant to CPLR 3211 (a) (8) should have been granted. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.