In the Matter of SHEFFIELD LAWRENCE, Appellant, v KIM BERNIER, Respondent. [953 NYS2d 270]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Morales-Horowitz, J.), dated August 4, 2011, which denied his objections to so much of an order of the same court (Jordan, S.M.), dated April 22, 2011, as, upon findings of fact also dated April 22, 2011, made after a hearing, denied his petition for a downward modification of his child support obligation, on the ground that he failed to file proof of service of a copy of the objections upon the mother.

Ordered that the order dated August 4, 2011, is affirmed, without costs or disbursements.

The issues raised by the father on this appeal are not reviewable. The Family Court properly denied the father's objections to the Support Magistrate's order on the procedural ground that he failed to file proof of service of a copy of the objections upon the mother. Family Court Act § 439 (e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with

the court at the time of filing of objections and any rebuttal." By failing to file proof of service of a copy of his objections upon the mother, the father failed to fulfill a condition precedent to filing timely written objections to the Support Magistrate's order and, thus, failed to " 'exhaust the Family Court procedure for review of [his] objections' " (*Matter of Semenova v Semenov*, 85 AD3d 1036, 1037 [2011], quoting *Matter of Davidson v Wilner*, 214 AD2d 563 [1995]). Consequently, the father waived his right to appellate review of the merits of his objections (*see Matter of Semenova v Semenov*, 85 AD3d at 1037; *Matter of Lusardi v Giovinazzi*, 81 AD3d 958 [2011]; *Matter of Hidary v Hidary*, 79 AD3d 880 [2010]). Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.