In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Kent, J.), dated January 31, 2013, which granted the mother’s motion to vacate an order of the same court dated November 15, 2012, granting the father’s objections to an order of the same court dated July 31, 2012 (Cahn, S.M.), and thereupon reinstated the order dated July 31, 2012.
Ordered that the order dated January 31, 2013, is affirmed, without costs or disbursements.
In her petition, the mother sought to modify a prior child support order so as to require the father to pay the private school tuition of the parties’ child. Following a hearing at which both parties were present, the Support Magistrate, in an order dated July 31, 2012 (hereinafter the Support Magistrate’s order), directed the father to pay 64% of the child’s private school tuition and expenses, commencing with the 2012-2013 school year.
The father filed objections to the order. The affidavit of service indicates that the objections were mailed to the mother at a specified address. The mother did not file a rebuttal to the father’s objections. In an order dated November 15, 2012, the Family Court granted the father’s objections, vacated the Support Magistrate’s order, and dismissed the petition.
The mother then moved to vacate the order dated November 15, 2012, and, thereupon, to dismiss the father’s objections as untimely. The mother averred in an affidavit that she never received the father’s objections, and only became aware of them when the Family Court served her with the order dated November 15, 2012. The mother asserted that the address to which the father mailed his objections was not her address, and she had resided at a different address on the same street for the past five years. Her petition and driver license, as well as the stipulation of settlement entered in the parties’ divorce action, all stated an address different from the one to which the father had mailed the objections. In an unsworn affidavit in opposition, the father acknowledged that “Petitioner did not receive Objections to Support Order due to server mailing to wrong address in error.”
*716 In the order appealed from, the Family Court granted the mother’s motion to vacate the order dated November 12, 2012, and thereupon reinstated the Support Magistrate’s order.
Family Court Act § 439 (e) provides, in pertinent part, that “[a] party filing objections shall serve a copy of such objections upon the opposing party,” and that “[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal.” Here, given the mother’s evidence that she did not live at the address to which the father had mailed the objections, coupled with the father’s conceded failure to mail the objections to the correct address, and where “no rebuttal to the objections was filed by the mother” (Matter of Burger v Brennan, 77 AD3d 828, 828 [2010]), “the father failed to fulfill a condition precedent to filing timely written objections to the Support Magistrate’s order and, thus, failed to exhaust the Family Court procedure for review of [his] objections” (Matter of Lawrence v Bernier, 100 AD3d 634, 635 [2012] [internal quotation marks omitted]). Consequently, “the Family Court lacked jurisdiction to consider the merits of the objections, and the father waived his right to appellate review” (Matter of Girgenti v Gress, 85 AD3d 1166, 1166 [2011] [citation omitted]; see Matter of DiFede v DiFede, 99 AD3d 1003 [2012]; Matter of Lusardi v Giovinazzi, 81 AD3d 958, 959 [2011]; Matter of Hidary v Hidary, 79 AD3d 880, 881 [2010]; Matter of Simpson v Gelin, 48 AD3d 693, 693-694 [2008]; Matter of Chukwuogo v Chukwuogo, 46 AD3d 558, 558-559 [2007]; Matter of Rinaldi v Rinaldi, 239 AD2d 506, 506-507 [1997]).
The father’s remaining contentions are without merit. Accordingly, the Family Court properly granted the mother’s motion to vacate the order dated November 12, 2012, and thereupon properly reinstated the Support Magistrate’s order. Rivera, J.E, Dillon, Chambers and Hinds- Radix, JJ., concur.