■ In the Matter of PETER LABELLA, Respondent, v MICHELE MURRAY, Appellant. [29 NYS3d 821]—

Appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered July 30, 2014. The order, after a hearing, awarded the parties joint legal custody of the subject children, with the father having sole physical custody and final decision-making authority concerning the children's health, education, religion, and general welfare.

Ordered that the order is affirmed, without costs or disbursements.

On February 28, 2012, the father filed a petition alleging that the mother willfully violated the provisions of a custody order dated September 20, 2010, entered on the parties' consent, by relocating with the children to Florida without his consent. In an order entered July 2, 2012, without a hearing, the Family Court awarded sole physical custody of the children to the father. The mother appealed, and this Court reversed the order and remitted the matter to the Family Court for a hearing and a new determination of the petition (*see Matter of Labella v Murray*, 108 AD3d 547 [2013]). Upon remittitur, after a hearing, the Family Court awarded the parties joint custody of the children, with the father having sole physical custody and final decision-making authority concerning the children's health, education, religion, and general welfare. The mother appeals.

The mother contends that the Family Court failed to advise

her of the right to counsel during proceedings held on April 20, 2012. However, the mother could have raised this argument on the prior appeal (*see id.*), and, thus, she waived appellate review of that issue (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 35 AD3d 417, 418 [2006]; *Young v Tseng*, 23 AD3d 552 [2005]).

Under the facts of this case, the Family Court did not improvidently exercise its discretion in denying the mother's application for leave to appear during the hearing telephonically (*see Matter of Kalantarov v Kalantarova*, 109 AD3d 471 [2013]; *Matter of Krische v Sloan*, 100 AD3d 758 [2012]; *cf. Matter of Jerome W. v Wendy F.*, 112 AD3d 728 [2013]). Further, the mother's contention that the Family Court should have adjourned the hearing is unpreserved for appellate review and, in any event, is without merit (*see Matter of Diane H.*, 5 AD3d 770 [2004]).

The mother's remaining contentions are without merit. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.