■ In the Matter of GENEVIVE NDUKWE, Respondent, v CHARLES OGBAEGBE, Appellant. [54 NYS3d 113]—

Appeal by the father from an order of the Family Court, Kings County (Dean Kusakabe, J.), dated October 8, 2015. The order denied the father's objections to an order of that court (Nicholas J. Palos, S.M.) dated May 11, 2015, which, after a hearing, directed him to pay biweekly child support in the sum of $429.50.

Ordered that the order dated October 8, 2015, is affirmed, without costs or disbursements.

In October 2013, the mother filed a petition, inter alia, for child support. Following a hearing, the Support Magistrate directed the father to pay biweekly child support in the sum of $429.50. The father subsequently filed written objections to the Support Magistrate's order, but did not file proof of service of a copy of his written objections upon the mother. In the order appealed from, the Family Court denied the father's objections to the Support Magistrate's order on the ground that he failed to file proof of service of a copy of the objections upon the mother. The father appeals.

The issues raised by the father on this appeal are not reviewable. The Family Court properly denied the father's objections to the Support Magistrate's order on the procedural ground that he failed to file proof of service of a copy of the objections upon the mother. Family Court Act § 439 (e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal." By failing to file proof of service of a copy of his objections upon the mother, the father failed to fulfill a condition precedent to filing timely written objections to the Support Magistrate's order and, thus, failed to " 'exhaust the Family Court procedure for review of [his] objections' " (*Matter of Semenova v Semenov*, 85 AD3d 1036, 1037 [2011], quoting *Matter of Davidson v Wilner*, 214 AD2d 563, 563 [1995]). Consequently, the father waived his right to appellate review of the merits of his objections (*see Matter of Hamilton v Hamilton*, 112 AD3d 715, 716

[2013]; *Matter of Lawrence v Bernier*, 100 AD3d 634 [2012]; *Matter of Semenova v Semenov*, 85 AD3d at 1037; *Matter of Chukwuogo v Chukwuogo*, 46 AD3d 558 [2007]). Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.