Matter of Grill v Genitrini (2019 NY Slip Op 00121)





Matter of Grill v Genitrini


2019 NY Slip Op 00121


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2018-01753
 (Docket No. F-16173-11/17M)

[*1]In the Matter of Elizabeth Grill, respondent,
v
Christian Genitrini, appellant.


John F. De Chiaro, Larchmont, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated January 18, 2018. The order, insofar as appealed from, (1) in effect, confirmed so much of an order of the same court (Esther R. Furman, S.M.) dated July 13, 2017, as, after a hearing, found that the father willfully violated a prior order of child support, and (2) denied the father's objections to so much of the order dated July 13, 2017, as directed the entry of a money judgment in favor of the mother and against him in the sum of $148,312.22.
ORDERED that the order dated January 18, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2001 and have two children together. They were divorced by a judgment of divorce dated October 6, 2010. In an order dated August 31, 2016, the father was directed to pay $2,800 per month in child support.
In January 2017, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father willfully failed to comply with his child support obligation. On July 11, 2017, a hearing was held on the mother's violation petition, at which the father failed to appear. The father's assigned counsel appeared at the hearing and requested leave for the father to appear telephonically from an undisclosed location. Additionally, the father's counsel, who indicated that he was authorized to make arguments on behalf of the father, orally moved to dismiss the violation petition on the ground that the father was not properly served with the summons and petition. The Support Magistrate denied both applications. Following the hearing, the Support Magistrate issued an order dated July 13, 2017, which, among other things, found that the father willfully violated the prior order of child support. The father filed objections to the Support Magistrate's order. In an order dated January 18, 2018, the Family Court denied the father's objections and, in effect, confirmed the Support Magistrate's finding that he was in willful violation of the child support order.
The father contends that the Family Court erred in permitting substituted service of the summons and petition upon him in the absence of reasonable efforts by the mother to serve him by personal delivery. Service of a summons and petition in a proceeding alleging a violation of an order of support is to be made pursuant to the provisions of Family Court Act § 427 (see Matter of Semenova v Semenov, 85 AD3d 1036, 1038). "Service by means other than the means prescribed [*2]in Family Court Act § 427 is permissible, but only after reasonable effort[s]' to effect personal service have been made and then only pursuant to a court order providing for substituted service in the manner provided for substituted service in the [CPLR]'" (Matter of Semenova v Semenov, 85 AD3d at 1038, quoting Family Ct Act § 427[b]). Here, contrary to the father's contention, the record reflects that the mother made reasonable efforts to personally serve him, and the court providently exercised its discretion in directing substituted service.
Furthermore, under the circumstances of this case, the Support Magistrate providently exercised her discretion in denying the father's application for leave to appear telephonically at the hearing (see Matter of Labella v Murray, 139 AD3d 857, 858; Matter of Kalantarov v Kalantarova, 109 AD3d 471).
"Failure to obey a lawful order of child support constitutes prima facie evidence of a willful violation" (Matter of Root v Root, 161 AD3d 1169, 1171; see Family Ct Act § 454[3][a]). "Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Schad v Schad, 158 AD3d 705, 706; see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Root v Root, 161 AD3d at 1171). Here, the mother established, prima facie, that the father failed to pay child support as ordered, and, in response, the father failed to offer any competent, credible evidence of his inability to make the required payments (see Matter of Brooks v Brooks, 163 AD3d 554, 556). Accordingly, the Family Court properly, in effect, confirmed the determination of the Support Magistrate that the father willfully violated the order of child support.
The father's remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court