Matter of Carroll v Brodsky (2019 NY Slip Op 00118)





Matter of Carroll v Brodsky


2019 NY Slip Op 00118


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-04937
 (Docket Nos. F-1990-90/99C/01H, F-3273-99/99A/00H)

[*1]In the Matter of Rochelle Carroll, respondent,
v
Jay Brodsky, appellant.


Jay Brodsky, Great Neck, NY, appellant pro se.
Feinstein & Naishtut, LLP, Rye Brook, NY (Norman B. Naishtut of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated March 13, 2017. The order denied the father's objections to an order of the same court (Adam E. Small, S.M.) dated December 21, 2016, which, after a hearing, denied his motion to vacate a money judgment dated December 20, 2001.
ORDERED that the order dated March 13, 2017, is affirmed, without costs or disbursements.
The father moved by order to show cause dated November 9, 2016, to vacate a money judgment for child support arrears dated December 20, 2001. After a hearing, the Support Magistrate denied the father's motion with prejudice, determining that there was no legal basis to vacate the money judgment. The father filed objections to the Support Magistrate's order. The Family Court denied the father's objections on the basis that the affidavit of personal service of the objections was defective in that it was "not completed at all" and failed to establish that service of a copy of the objections upon the mother had been properly completed. The father appeals.
We agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order on the procedural ground that he failed to file proof of service of a copy of the objections upon the mother. Family Court Act § 439(e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal."
By failing to file proof of service of a copy of his objections upon the mother, the father failed to fulfill a condition precedent to filing timely written objections to the Support Magistrate's order and, thus, failed to " exhaust the Family Court procedure for review of [his] objections'" (Matter of Semenova v Semenov, 85 AD3d 1036, 1037, quoting Matter of Davidson v Wilner, 214 AD2d 563, 563). Consequently, the issues raised by the father on this appeal are not reviewable (see Matter of Ndukwe v Ogbaegbe, 150 AD3d 858, 858; Matter of Hamilton v Hamilton, 112 AD3d 715, 716; Matter of Lawrence v Bernier, 100 AD3d 634; Matter of Semenova v Semenov, [*2]85 AD3d at 1037; Matter of Chukwuogo v Chukwuogo, 46 AD3d 558).
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court