Candea v Candea (2019 NY Slip Op 04350)





Candea v Candea


2019 NY Slip Op 04350


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-10208
 (Index No. 2310/15)

[*1]Toni Candea, respondent,
v
Robert E. Candea, Jr., appellant.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Mark D. Stern, Goshen, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated September 13, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was to hold the plaintiff in civil contempt for her alleged failure to comply with the parties' judgment of divorce by failing to turn over six boxes of silver coins and bullion to the defendant, denied that branch of the defendant's motion which was to direct the plaintiff to turn over to him six boxes of silver coins and bullion, and granted that branch of the plaintiff's cross motion which was to direct the defendant to pay to the plaintiff the sum of $11,523, representing one-half of the proceeds of certain shares of stock liquidated by the defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to direct the plaintiff to comply with the parties' judgment of divorce by turning over to him six boxes of silver coins and bullion, and substituting therefor a provision granting that branch of the motion to the extent of directing a hearing on the issue; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith.
To prevail on a motion to hold another in civil contempt, the moving party must prove by clear and convincing evidence "(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Dalton v Dalton, 164 AD3d 1300, 1301-1302; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). Here, we agree with the Supreme Court's denial of that branch of the defendant's motion which was to hold the plaintiff in civil contempt for her alleged failure to comply with the parties' judgment of divorce by failing to turn over to him six boxes of silver coins and bullion. The defendant failed to demonstrate that the judgment of divorce contained a provision clearly expressing an unequivocal mandate with regard to the silver coins and bullion.
However, that under the particular circumstances of this case, the Supreme Court should not have denied, without a hearing, the separate branch of the defendant's motion which was [*2]to direct the plaintiff to comply with the judgment of divorce by turning over to him six boxes of silver coins and bullion. Although the judgment of divorce did not contain an unequivocal mandate regarding the disposition of the parties' silver coins and bullion, it did contain a provision directing that "the remainder of the coins shall remain divided between the parties." This provision, read together with another provision directing the distribution of the parties' personal property pursuant to a stipulation they had entered into during the trial, warrants a hearing to determine, inter alia, how many boxes of silver coins and bullion the parties own, how many of those boxes of silver coins and bullion the plaintiff has in her possession, and how the boxes of silver coins and bullion should be distributed.
We agree with the Supreme Court's granting of that branch of the plaintiff's cross motion which was to direct the defendant to pay to the plaintiff the sum of $11,523, representing one-half of the proceeds of certain shares of stock liquidated by the defendant, since the judgment of divorce directed that the stock be equally divided. Moreover, the defendant waived appellate review of his contention that, prior to the entry of the judgment of divorce, the court gave him permission to liquidate those shares of stock and use the proceeds to maintain the marital residence, as that contention was not raised on his appeal from the judgment of divorce (see Candea v Candea, _____ AD3d _____ [Appellate Division Docket No. 2017-04329; decided herewith]; see also For the People Theatres of N.Y. Inc. v City of New York, 29 NY3d 340, 363; Matter of Labella v Murray, 139 AD3d 857, 857-858; Dimery v Ulster Sav. Bank, 82 AD3d 1034, 1034; New York Tel. Co. v Supervisor of Town of Oyster Bay, 35 AD3d 417, 418; Young v Tseng, 23 AD3d 552, 553).
Accordingly, we must remit the matter to the Supreme Court, Orange County, for an evidentiary hearing and a new determination thereafter of that branch of the defendant's motion which was to direct the plaintiff to comply with the judgment of divorce by turning over to him six boxes of silver coins and bullion.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court