Matter of Hopkins v Hopkins (2019 NY Slip Op 09267)





Matter of Hopkins v Hopkins


2019 NY Slip Op 09267


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-11933
2017-11934
2017-11935
 (Index No. F-06017-17/17A, F-06018-17/17A)

[*1]In the Matter of Lisa Ann Hopkins, respondent,
v
Simon Hopkins, appellant.


Simon Hopkins, Leicestershire, United Kingdom, appellant pro se.
Virginia Foulkrod, White Plains, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of disposition of the Family Court, Westchester County (Esther Furman, S.M.), dated August 30, 2017, (2) an order of the same court also dated August 30, 2017, and (3) an order of the same court (Nilda Morales Horowitz, J.) dated October 6, 2017. The order of disposition determined that the father willfully violated a prior order of support. The order dated August 30, 2017, directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $84,602.23. The order dated October 6, 2017, denied the father's objections to the order of disposition and the order dated August 30, 2017.
ORDERED that the appeals from the order of disposition and the order dated August 30, 2017, are dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated October 6, 2017, is affirmed, without costs or disbursements.
The father and the mother have two children together and were divorced in April 2016. The divorce judgment obligated the father to pay spousal and child support to the mother. In May 2016, the mother filed a petition alleging that the father had failed to comply with his support obligations. On August 30, 2017, following the parties' appearance and upon their consent, a Support Magistrate entered an order of disposition, finding that the father was in willful violation of the support order and that he owed the mother $84,602.23 in arrears, as well as an order directing the entry of a money judgment in that amount in favor of the mother and against the father. The father filed objections to the Support Magistrate's August 30, 2017, orders. In an order dated October 6, 2017, the Family Court denied the father's objections on the ground that he had failed to file an affidavit of service together with the objections establishing that the objections had been properly served on the mother. The father appeals from the Support Magistrate's August 30, 2017, orders and the Family Court's October 6, 2017, order.
The appeals from the Support Magistrate's August 30, 2017, orders must be dismissed. No appeal lies from an order entered on consent, since a party who consents to an order is not aggrieved thereby (see CPLR 5511; Matter of Rinaldi v Faiella, 172 AD3d 871; Matter of [*2]Schiavone v Mannese, 169 AD3d 1052, 1053; Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172; Matter of Reilly v Reilly, 49 AD3d 883, 884). To the extent that the father contends that the orders inaccurately represent the terms to which he consented and/or that his consent was involuntary, his remedy is to move in the Family Court to vacate or resettle the orders (see Matter of Rinaldi v Faiella, 172 AD3d at 871; Matter of O'Sullivan v Schebilski, 138 AD3d at 1172; Matter of Reilly v Reilly, 49 AD3d at 884).
We agree with the Family Court's denial of the father's objections to the Support Magistrate's August 30, 2017, orders on the ground that the father failed to file an affidavit of service reflecting that the objections were properly served on the mother. Family Court Act § 439(e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal." Further, by failing to file proof of service of a copy of his objections upon the mother, the father failed to fulfill a condition precedent for Family Court review of his objections and, consequently, failed to exhaust the Family Court procedure for review of his objections (see Matter of Carroll v Brodsky, 168 AD3d 727, 728; Matter of Ndukwe v Ogbaegbe, 150 AD3d 858; Matter of Semenova v Semenov, 85 AD3d 1036, 1037). As such, his challenges to the Support Magistrate's August 30, 2017, orders are not reviewable on the appeal from the Family Court's October 6, 2017, order (see Matter of Carroll v Brodsky, 168 AD3d at 728; Matter of Ndukwe v Ogbaegbe, 150 AD3d at 858; Matter of Semenova v Semenov, 85 AD3d at 1037).
The father's contentions relating to an order of the Family Court dated December 1, 2017, are not properly before us.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court