Matter of Michael H. v Kristen L. (2020 NY Slip Op 00593)





Matter of Michael H. v Kristen L.


2020 NY Slip Op 00593


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-02589
 (Docket No. P-2670-99/02B)

[*1]In the Matter of Michael H. (Anonymous), respondent,
v
Kristen L. (Anonymous), appellant.


Kristen L., Arcadia, California, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated January 30, 2019. The order, insofar as appealed from, denied the mother's objections to an order of the same court (Katerina Contaratos, S.M.) dated June 26, 2018, which , after a hearing, denied her motion to vacate an order of the same court (Christine L. Gartner, H.E.) dated April 18, 2002, entered upon her default, inter alia, terminating the father's child support obligation.
ORDERED that the order dated January 30, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, born in May 1999. In an order dated June 26, 2018, the Support Magistrate, after a hearing, and upon findings of fact dated May 29, 2018, denied the mother's motion to vacate an order of the same court dated April 18, 2002, which, upon the mother's default, granted the father's petition to modify a child support order dated August 3, 1999, and terminated his child support obligation.
On July 10, 2018, the mother filed objections to the Support Magistrate's order dated June 26, 2018. However, she failed to file proof of service on the father. In an order dated July 17, 2018, the Family Court denied the mother's objections without prejudice to the refiling of her objections with proper proof of service on the father by August 1, 2018. On July 25, 2018, the mother filed only an affidavit of service stating that the father was served on July 20, 2018, with a "written summation." Six months later, on January 16, 2019, the mother filed new objections to the June 26, 2018, order and an affidavit of service indicating service of the objections upon the father on January 5, 2019. In an order dated January 30, 2019, the Family Court, inter alia, denied the mother's new objections to the order dated June 26, 2018, as untimely. The mother appeals.
We agree with the Family Court's determination denying the objections filed on January 16, 2019, as untimely. The mother was specifically directed, in the order dated July 17, 2018, to refile her objections with proof of service upon the father by August 1, 2018. She did not do so. Instead, on July 25, 2018, she filed an affidavit of service indicating that the father had been served with a "written summation" relating to the prior objections. When the mother filed, on January 16, 2019, the new objections with proof of service upon the father, it was more than five months past the court-imposed August 1, 2018, deadline, and the objections were therefore untimely (see Family Ct Act § 439[e]).
We also agree with the Family Court that even if it were to have deemed the earlier July 25, 2018, filing of only the affidavit of service to be a timely filed revived objection, it was nonetheless legally insufficient since it indicated that the father was served with a "written summation." Thus, without proof of service of the objections upon the father, the mother failed to fulfill a condition precedent to the filing of timely written objections and, thus, failed to exhaust the Family Court procedure for review of her objections (see Family Ct Act § 439[e]; Matter of Ishmael A.A.-S. v Sacha C., 169 AD3d 662; Matter of Carroll v Brodsky, 168 AD3d 727; Matter of Ndukwe v Ogbaegbe, 150 AD3d 858).
To the extent the mother argues on appeal that the Family Court overlooked a second affidavit of service purportedly filed on July 25, 2018, evidencing service of the earlier objections upon the father, the second affidavit was not part of the original papers on file with the court, and it did not materialize until the mother attached a copy of it to her Request for Appellate Division Intervention (RADI) form. The mother never moved for leave to reargue or renew with respect to the order appealed from on the ground that the Family Court overlooked the additional affidavit or that there was new evidence that would have changed its determination (see CPLR 2221[a], [d], [e]; see generally Matter of Rosenberg v Rosenberg, 145 AD3d 1015), and a RADI form cannot be used by a party to unilaterally expand a record on appeal (see Matter of Bosse v Simpson, 173 AD3d 856). For this additional reason, we affirm the order dated January 30, 2019, insofar as appealed from.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court