Matter of Merritt v Merritt (2020 NY Slip Op 06529)





Matter of Merritt v Merritt


2020 NY Slip Op 06529


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-10121
 (Docket No. F-10750-14/15C/16F/16G)

[*1]In the Matter of Mark R. Merritt, appellant,
v
Giovanna Merritt, respondent.


The Hilpert Law Offices, Croton-on-Hudson, NY (Jeffrey P. Rogan and R. Casey Hilpert of counsel), for appellant.
Fava Law Group, PLLC, Larchmont, NY (Marco E. Fava of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nidia Morales Horowitz, J.), entered July 30, 2019. The order, insofar as appealed from, denied the father's objections to so much of an amended order of the same court (Esther R. Furman, S.M.) dated April 15, 2019, as, upon remittitur from this Court (Matter of Merritt v Merritt, 160 AD3d 870), after a hearing, upon calculating the father's reduced child support obligation, awarded the father a credit for excess child support paid pursuant to an order of the Family Court, Westchester County (Esther R. Furman, S.M.), entered September 23, 2016, for a period of only 10 months.
ORDERED that the order entered July 30, 2019, is affirmed insofar as appealed from, with costs.
The mother and the father were married and have three children together. The parties were divorced in 2010. Pursuant to the judgment of divorce and the stipulation of settlement that was incorporated but not merged into the judgment, the father was directed to pay child support in the sum of $3,272 per month, and maintenance in the sum of $2,000 per month for a period of 60 months. The judgment further provided that child support was to be recalculated each year based upon the father's W-2 from the prior year, and the father's entire income, not to be less than $175,000, would be considered in calculating child support. By order dated December 23, 2014, entered on consent, the father's child support obligation was increased to the sum of $4,593 per month. On December 10, 2015, after having become unemployed in April 2015, the father filed a petition for a downward modification of his support obligation, alleging a substantial change in circumstances based on his unemployment. By order entered September 23, 2016, after a hearing, the Support Magistrate, inter alia, denied the father's petition for a downward modification. The father filed objections to the Support Magistrate's order and, by order dated December 13, 2016, the Family Court denied the objections.
On the father's ensuing appeal (see Matter of Merritt v Merritt, 160 AD3d 870), this Court reversed the December 13, 2016 order, determining that the father had met his burden of showing that there has been a substantial change in circumstances since the entry of the December 23, 2014 order, such that the Family Court should have granted the father's objections to the Support [*2]Magistrate's order entered September 23, 2016. The matter was remitted to the Family Court, Westchester County, for a hearing and determination of the father's reduced child support obligation. Upon remittitur, in an amended order dated April 15, 2019, the Support Magistrate, after a hearing, recalculated the father's support obligation at a monthly sum of $1,784, based on an imputed income of $80,000, consistent with his earning potential as a certified public accountant. The Support Magistrate determined that the father was entitled to a credit for his payments in excess of $1,784 for a period of 10 months, between the filing of the underlying petition on December 10, 2015, and the October 5, 2016, effective date of an order dated February 27, 2017, which granted the father's later petition for a downward modification of his child support obligations. The father filed objections to the amended order dated April 15, 2019. In an order entered July 30, 2019, the Family Court denied the father's objections. The father appeals. We affirm.
On appeal, the father contends that, pursuant to Family Court Act § 439(e), he was entitled to a credit for those payments made in excess of the $1,784 monthly child support obligation calculated by the Family Court upon remittitur from this Court for each payment made from the date of his underlying petition on December 10, 2015, through the date on which the Family Court's "new order" was issued, or, alternatively, through the date of this Court's order reversing the order dated December 13, 2016. While we agree with the father that he was entitled to a credit for payments in excess of his reduced obligation as determined by the Family Court's new order upon remittitur by this Court (see Family Ct Act § 439[e]), construing the statute according to its plain meaning, such credit could only be awarded for excess payments made pursuant to the order which erroneously denied the father's petition for a downward modification of his support obligation (see generally Matter of Paris v Paris, 226 AD2d 381). Here, the father filed a new petition for a downward modification on October 5, 2016, and that relief was granted by the Family Court in an order dated February 27, 2017, retroactive to the date of filing. As such, as of October 5, 2016, the father's child support obligation was no longer determined by the order entered September 23, 2016, and, upon reversal of that order, there was no basis to award him a credit for any further payments after October 5, 2016.
Moreover, contrary to the father's contention, upon this Court's reversal of the order December 13, 2016 order, the Family Court was not required to vacate the February 27, 2017 order, nor any of its later orders upon subsequent petitions filed by the parties, which were not the subject of the prior appeal. Insofar as the father contends that the order dated February 27, 2017, perpetuated the errors which gave rise to this Court's reversal of the order dated December 13, 2016, as the father did not file objections to the order dated February 27, 2017, nor take an appeal therefrom, he waived appellate review of his objections to that order (see Matter of Ndukwe v Ogbaegbe, 150 AD3d 858, 858; Matter of Werner v Werner, 130 AD2d 754). To the extent that the Support Magistrate's determination upon remittitur adopted the findings in the order dated February 27, 2017, those findings were not inconsistent with our holding on the prior appeal (see Matter of Merritt v Merritt, 160 AD3d 870), since the father's child support obligation was in fact reduced from that which he was paying pursuant to the December 23, 2014 order.
Accordingly, we agree with the Family Court's determination to deny the father's objections to the Support Magistrate's amended order dated April 15, 2019.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court