Matter of Hall v Pancho (2021 NY Slip Op 00560)





Matter of Hall v Pancho


2021 NY Slip Op 00560


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-07739
 (Docket No. F-8530-06)

[*1]In the Matter of Elisha A. Hall, appellant,
v
Lafon C. Pancho, respondent.


Elisha A. Hall, Valley Stream, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated May 28, 2019. The order denied the mother's objections to (1) an order of the same court (Elizabeth A. Bloom, S.M.) dated November 16, 2018, which, after a hearing, denied the mother's petition dated August 3, 2018, to modify a prior support order, (2) an order of the same court, also dated November 16, 2018, which, after a hearing, denied the mother's petition dated August 3, 2018, alleging a violation of a prior support order, and (3) an order of the same court, also dated November 16, 2018, which, after a hearing, granted the mother's petition dated May 21, 2018, alleging a violation of a prior support order, only to the extent of declaring that the father failed to obey the prior support order but that such failure was not willful, and establishing the father's arrears as of November 14, 2018, to be $552.26.
ORDERED that the order dated May 28, 2019, is affirmed, without costs or disbursements.
The petitioner (hereinafter the mother) and the respondent (hereinafter the father), who never married, are the biological parents of the subject child. Pursuant to an existing order of support, the father's child support obligation was $260 biweekly. In September 2014, the mother petitioned for an upward modification of the father's child support obligation. Following a hearing, the Support Magistrate granted the petition only to the extent of increasing the father's child support obligation to $425 biweekly. The mother's objections were denied in an order dated July 31, 2015, and she appealed to this Court.
While that appeal was pending, the mother filed another petition for an upward modification of the father's child support obligation. Upon the father's default in appearing at a conference, and after an inquest, in an order dated March 9, 2017, the Family Court granted the petition to the extent of increasing the father's child support obligation to $525 biweekly.
On April 5, 2017, this Court issued a decision and order deciding the pending appeal, finding that the Family Court had erred in granting the mother's September 2014 petition only to the extent of increasing the father's child support obligation to $425. This Court modified the July 31, 2015 order so as to increase the father's child support obligation to $839.76 biweekly.
Subsequently, the mother filed a petition dated May 21, 2018, alleging that the father [*2]had willfully violated the March 9, 2017 order of support by failing to pay $3,000, representing his pro rata share of child care and uncovered medical expenses. The mother filed another petition, dated August 3, 2018, alleging that the father violated a June 24, 2015 order of the Family Court by failing to pay $1,050 in arrears. The mother filed another petition, also dated August 3, 2018, seeking, inter alia, an upward modification of the March 9, 2017 support order, asking that, in light of the Appellate Division decision and order, the father's child support obligation be set to $839.76. She also requested that the Family Court recalculate the statutory child support amounts based upon the father's alleged additional 2018 earnings, and that the father be required to contribute to certain additional expenses.
After a hearing on the three petitions, the Support Magistrate issued three separate orders, each dated November 16, 2018. The Support Magistrate denied both petitions dated August 3, 2018. As to the May 21, 2018 petition, the Support Magistrate found that the father failed to obey the March 9, 2017 order, but that such failure was not willful. The Support Magistrate directed the father to pay $552.26 in child care and medical expense arrears.
The mother filed objections to the Support Magistrate's three November 16, 2018 orders. The father did not file a rebuttal. By order dated May 28, 2019, the Family Court denied the objections. The mother appeals.
Contrary to the mother's contention, upon this Court's modification of the July 31, 2015 order, the Family Court was not required to modify the March 9, 2017 order, which was not a subject of the appeal. Subsequent to the issuance of the July 31, 2015 order, the mother filed a new petition for an upward modification of the father's child support obligation, and that relief was granted in the March 9, 2017 order. Thus, as of the effective date of the March 9, 2017 order, the father's child support obligation was no longer determined by the Support Magistrate order that was the subject of the appeal from the order dated July 31, 2015 (see Matter of Merritt v Merritt, 188 AD3d 886). Insofar as the mother contends that the March 9, 2017 order was predicated on an erroneous application of the Child Support Standards Act, which was the subject of the modification of the July 31, 2015 order, she did not file objections to the March 9, 2017 order, nor take an appeal therefrom, and therefore waived appellate review of objections to that order (see id.; Matter of Ndukwe v Ogbaegbe, 150 AD3d 858; Matter of Werner v Werner, 130 AD2d 754).
The Family Court may modify an order of child support upon a showing of a "substantial change in circumstances" (Family Ct Act § 451[3][a]), or where three years have passed or there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted (see Family Ct Act § 451[3][b]). Here, the mother failed to show a substantial change in circumstances or that the father's gross income had increased by more than 15% since the March 9, 2017 order was entered, which was less than two years prior to her August 3, 2018 petition. Accordingly, the court properly denied the mother's objections to the Support Magistrate's order denying her petition for an upward modification.
The mother failed to submit sufficient evidence substantiating arrears and additional expenses, except to the extent found by the Family Court. Accordingly, the court properly denied the mother's objections to the Support Magistrate's orders determining the mother's petitions alleging violations of support orders.
The mother's request for legal fees is denied.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court