Matter of Dillon v Williams (2025 NY Slip Op 03809)

Matter of Dillon v Williams

2025 NY Slip Op 03809

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-00896
 (Docket No. F-25613-19)

[*1]In the Matter of Shavon Dillon, respondent,
v
Cleon Williams, appellant.

Cleon Williams, Waterbury, Connecticut, appellant pro se.
Janet L. Brown, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Lisa Friederwitzer, J.), dated January 17, 2024. The order denied the father's objections to an order of the same court (Rose M. Garcia, S.M.) dated August 31, 2023, which, after a hearing, and upon findings of fact dated August 30, 2023, inter alia, directed him to pay child support in the sum of $560.64 per month.
ORDERED that the order dated January 17, 2024, is affirmed, without costs or disbursements.
The mother and father have one child together, born in June 2019. In December 2019, the mother commenced this proceeding pursuant to Family Court Act article 4 for child support. In an order dated August 31, 2023, made after a hearing and upon findings of fact dated August 30, 2023, a Support Magistrate, inter alia, directed the father to pay child support in the sum of $560.64 per month. In an order dated January 17, 2024, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
The issues raised by the father on this appeal are not reviewable. The Family Court properly denied the father's objections on the ground that he failed to file sufficient proof of service of a copy of the objections on the mother. Family Court Act § 439(e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party" and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal." By failing to file sufficient proof of service of a copy of his objections on the mother, the father failed to fulfill a condition precedent to filing timely written objections to the Support Magistrate's order (see Matter of Chukwuogo v Chukwuogo, 46 AD3d 558, 558-559). Consequently, the father waived his right to appellate review of the merits of his objections (see Matter of Ndukwe v Ogbaegbe, 150 AD3d 858).
DILLON, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court