■ In the Matter of VIVIAN STONE, Respondent, v RICHARD STONE, Appellant. [654 NYS2d 677] —In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Shapiro, J.), entered March 6, 1995, which, upon finding him in contempt as a result of his willful failure to obey a prior order of the same court directing the payment of child support, committed him to the Rockland County Jail for a period of six months subject to early release upon the payment of child support arrears of $14,677.

Ordered that the order is affirmed, with costs.

Although the six-month period of commitment has passed, the appeal is not academic (*cf., Matter of Cutrone v Cutrone,* 225 AD2d 767).

The Family Court correctly confirmed the Hearing Examiner's determination, which is entitled to great deference on appeal (*see, Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble,* 227 AD2d 618; *Matter of Jimenez v Jimenez,* 222 AD2d 589; *Matter of Drago v Drago,* 138 AD2d 704), that the father willfully violated the support order. The father did not sustain his burden to rebut the prima facie evidence of willfulness, in his admitted failure to pay a legally-ordered support award, by showing sufficient proof of his inability to pay (*see,* Family Ct Act § 454 [3] [a]; *see, e.g., Matter of Bickwid v Deustch,* 229 AD2d 533; *see also, Matter of Powers v Powers,* 86 NY2d 63, 69).

The father's remaining contentions, regarding certain determinations of the Hearing Examiner, are not properly before this Court, as the father failed to take an appeal from the order of the Family Court dated January 12, 1995, denying his objections to the order of the Hearing Examiner. In any event, the father's failure to raise these issues before the Family Court in his objections would have rendered them unpre-

served for appellate review even if an appeal from the January 12, 1995, order had been taken (*see, Matter of Bickwid v Deustch, supra*). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.