■ In the Matter of JANINE BRADLEY, Respondent, v ANTONIO B. BENEDUCE, Appellant. [808 NYS2d 257]—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Eisman, J.), dated November 8, 2004, which, upon a determination of the same court also dated November 8, 2004, in effect, confirming the Support Magistrate's finding, made after a hearing, that he was in willful violation of a prior support order of the same court dated July 7, 2003, committed him to a term of 30 days incarceration.

Ordered that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for 30 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The Family Court correctly confirmed the Support Magistrate's finding, made after a hearing, that the father willfully violated the court's prior support order. The finding is entitled to great deference on appeal (*see Matter of Stone v Stone*, 236 AD2d 615 [1997]), and prima facie evidence of willfulness was established by the father's failure to comply with the support order. The father failed to rebut this evidence by offering sufficient proof of his inability to pay (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Stone v Stone, supra*).

The father's remaining contentions are without merit. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.