ALIDA GENOVESE, Respondent, v ISAAC AXEL, Appellant. [835 NYS2d 684]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to comply with clause (1) (ii) of the parties' prenuptial agreement dated April 17, 2000, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Sunshine, J.), entered November 23, 2005, which denied his motion for summary judgment and, upon searching the record, awarded summary judgment to the plaintiff declaring that the defendant is obligated to comply with clause (1) (ii) of the parties' prenuptial agreement and directing him to comply with that clause.

Ordered that the order and judgment is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and it is declared that the defendant is not obligated to comply with clause (1) (ii) of the parties' prenuptial agreement dated April 17, 2000.

In contemplation of marriage, the parties executed a prenup-

tial agreement dated April 17, 2000, whereby they agreed to waive their respective rights of election pursuant to EPTL 5-1.1-A. Following the waiver provision, the parties agreed, in clause (1) (ii), that "[n]otwithstanding anything to the contrary" they would each "execute their respective Last Will & Testament[s] leaving a minimum of 33$\frac{1}{3}$% of their gross estate to each other." The parties married, and four years later the plaintiff obtained a divorce. Pursuant to an oral stipulation between the parties, the prenuptial agreement was incorporated by reference, but not merged, into the divorce judgment.

The plaintiff commenced this action, inter alia, for a judgment declaring that the defendant was obligated to comply with clause 1 (ii) of the prenuptial agreement, and directing the defendant, pursuant to the prenuptial agreement, to execute a will leaving her 33$\frac{1}{3}$% of his estate. At the time that this action was commenced, neither party had yet executed a will. The defendant moved for summary judgment arguing, inter alia, that the prenuptial agreement was clear and unambiguous, and that the provision requiring him to execute a will leaving 33$\frac{1}{3}$% of his estate to the plaintiff (hereinafter the one-third provision) was contingent upon the parties remaining married. The Supreme Court denied the defendant's motion and, upon searching the record, awarded summary judgment to the plaintiff declaring that the defendant was obligated to comply with the one-third provision, and directing him to do so.

Where an agreement is clear and unambiguous on its face, as here, the intent of the parties is gleaned from the four corners of the writing as a whole with a practical interpretation of the language employed so that the parties' reasonable expectations are met (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Sunrise Mall Assoc. v Import Alley of Sunrise Mall*, 211 AD2d 711 [1995]). In examining the agreement, the court should consider the relation of the parties and circumstances under which it was executed. "Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby" (*Kass v Kass*, 91 NY2d 554, 566 [1998], quoting *Atwater & Co. v Panama R.R. Co.*, 246 NY 519, 524 [1927]).

The one-third provision appears under the heading "release of rights," in which the parties employed language such as "surviving spouse" and "deceased spouse," which evidences their intent that the parties remain married in order to receive a one-third disposition under each other's will. The plaintiff contends that the use of the phrase "notwithstanding anything

to the contrary" demonstrates that the parties intended the one-third provision to remain in effect regardless of their marital status. We disagree. That language modifies the previous provision, in which the parties waived the spousal right of election. The plaintiff's interpretation would require this Court, under the guise of interpretation, to imply a provision that the parties chose to omit (*see Karmin v Karmin*, 19 AD3d 458, 459 [2005]), namely that the obligation contained in clause (1) (ii) would extend to one who was no longer a spouse. Accordingly, the defendant's motion for summary judgment should have been granted. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.