■ MYRIAM C. TENORIO, Respondent, v JOHN C. TENORIO, Appellant. [894 NYS2d 143]—

In a matrimonial action in which the parties were divorced by judgment entered October 6, 2006, the defendant former husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flaherty, J.), dated November 17, 2008, as, upon a decision of the same court dated October 2, 2008, made without a hearing, granted that branch of the motion of the plaintiff former wife which was to hold him in contempt for his refusal to comply with the judgment, and (2) from an order of the same court entered January 14, 2009, which, after a hearing, committed him to the custody of the New York City Department of Corrections for incarceration for a period not to exceed six months as punishment for that contempt.

Ordered that the appeal from the order entered January 14, 2009, is dismissed as academic; and it is further,

Ordered that the order dated November 17, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff former wife.

On March 8, 2008, the plaintiff former wife moved to compel the defendant to comply with his obligations under certain stipulations that were incorporated into the parties' judgment of divorce, and to hold him in contempt if he did not comply. The motion was adjourned and, during the period of adjournment, the parties entered into a stipulation dated May 31, 2008, pursuant to which they purported to resolve the issues raised by the motion. The defendant nonetheless failed to satisfy his obligations as articulated in the stipulation dated May 31, 2008. In an order dated November 17, 2008, the Supreme Court ultimately granted the plaintiff's motion, directed the defendant to comply with the judgment and the stipulation dated May 31, 2008, and held the defendant in contempt, with an opportunity to purge the contempt by satisfying his obligations. We affirm that order insofar as appealed from.

"Where an agreement is clear and unambiguous on its face . . . the intent of the parties is gleaned from the four corners of the writing as a whole with a practical interpretation of the language employed so that the parties' reasonable expectations are met" (*Genovese v Axel*, 40 AD3d 693, 694 [2007] [citations omitted]; *see Geothermal Energy Corp. v Caithness Corp.*, 34 AD3d 420, 423-424 [2006]; *see also Matter of Cricenti v Cricenti*, 60 AD3d 1052 [2009]; *Colucci v Colucci*, 54 AD3d 710, 712 [2008]). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990] [citation omitted]).

The purpose and intent of the stipulation dated May 31, 2008, is clear and unambiguous; that stipulation was entered into in order to reach a substantive resolution of the issues raised by the plaintiff's motion. The resolution of those issues was contingent upon the defendant's performance of specified obligations within the period of the adjournment of the motion. After the defendant failed timely to fulfill any of those obligations, or offer any explanation for his failure to do so, he failed to secure any agreement by the plaintiff to withdraw the motion. Since that branch of the plaintiff's motion which was for the enforcement of the judgment was never withdrawn, the Supreme Court was obligated to determine that branch of the motion (*see* CPLR 2219 [a]).

Since the defendant failed to offer any evidence of compliance with his obligations under the judgment that were the subject

of the contempt motion, or offer any evidence that he was unable to substantively fulfill his obligations, the Supreme Court properly found that the defendant willfully defied a lawful judgment of the court which clearly expressed an unequivocal mandate (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983], *amended* 60 NY2d 652 [1983]). Accordingly, the court properly held the defendant in contempt.

The appeal from the order entered January 14, 2009, must be dismissed as academic, as the period of incarceration has expired (*see Matter of Greene v Holmes*, 31 AD3d 760 [2006]; *Matter of Bradley v Beneduce*, 24 AD3d 546 [2005]). Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.