In a child support proceeding pursuant to Family Court Act article 4, the father appeals from stated portions of an order of the Family Court, Queens County (Salinitro, J.), dated May 23, *741 2012 which, inter alia, denied his objections to an amended order of the same court (Kaur, S.M.), dated April 27, 2012, denying his motion for a downward modification of his educational support arrears referable to the parties’ daughter.
Ordered that the order dated May 23, 2012, is affirmed insofar as appealed from, with costs.
Family Court Act § 439 (e) provides that a party filing objections must serve those objections upon the opposing party, and that proof of service must be filed with the court at the time that the party’s objection is filed. Here, the record does not contain any proof of service. However, the mother admits to receiving the objections 13 days after the father filed them with the Family Court. Furthermore, the mother was able to file her own rebuttal to the father’s objections, and no prejudice resulted. Accordingly, despite the irregularity, the Family Court properly addressed the merits of the father’s objections (see CPLR 2001; Matter of Perez v Villamil, 19 AD3d 501, 501-502 [2005]).
The Family Court properly denied the father’s objections to the Support Magistrate’s order dated April 27, 2012. Contrary to the father’s contention, the record reveals that the father was properly credited for all payments he had made both prior to the date of his request for a downward modification qf his educational child support obligations, and during the pendency of this proceeding. Further, the Support Magistrate properly applied the father’s new child support obligations retroactively to the date of his motion to modify his educational child support obligation (see Matter of Taddonio v Wasserman-Taddonio, 51 AD3d 935 [2008]).
We decline the mother’s request to declare the father a vexatious litigant and to enjoin him from prosecuting future appeals without first obtaining written approval from this Court (cf. Breytman v Schechter, 101 AD3d 783 [2012]; Scholar v Timinisky, 87 AD3d 577 [2011]).
The father’s remaining contentions are either without merit or improperly raised for the first time on appeal (see CPLR 5501; Matter of Moore v Abban, 72 AD3d 970 [2010]; Matter of Stone v Stone, 236 AD2d 615 [1997]). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.