Matter of Michael R. v Amanda R. (2019 NY Slip Op 06454)





Matter of Michael R. v Amanda R.


2019 NY Slip Op 06454


Decided on September 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 10, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9581B 9581A 9581

[*1]9581D In re Michael R., Petitioner-Respondent,
v
Amanda R., Respondent-Appellant.


Bruce A. Young, New York, for appellant.
Burger Green & Min LLP, New York (Richard Min of counsel), for respondent.



Order, Family Court, New York County (Lewis A. Borofsky, Support Magistrate), entered on or about June 7, 2017, which granted a motion for preclusion against respondent mother, unanimously reversed, on the law, without costs, and the order vacated. Orders, same court and Support Magistrate, entered on or about December 7, 2017, which, upon the finding that the mother willfully violated a child support order, directed entry of a money judgment and directed the mother to pay petitioner father's counsel fees, unanimously reversed, on the law and the facts, without costs, and the orders vacated. Order, same court (Clark V. Richardson, J.), entered on or about March 20, 2018, which denied the mother's objections, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent with this order. Appeal from warrant of arrest against the mother, same court (Patria Frias-Colon, J.), entered on or about February 8, 2018, unanimously dismissed, without costs, as taken from a nonappealable paper.
It is undisputed that the parties are divorced and have three children, a son who is now 24, and twin daughters who are now 21. It is also undisputed that, during this proceeding, the mother has resided in Israel, and the father has resided in New York. On or about November 24, 2014, the father filed a petition for child support enforcement.
The first and only day of trial on the father's enforcement petition took place on February 2, 2016 before the Support Magistrate. On that date, the father offered into evidence, without objection, his typewritten summary of the amount that he claimed the mother then owed for basic child support and for her share of the children's add-on expenses. The father's summary alleges that the mother owed total arrears of $63,003.53, from October 15, 2012 through November 1, 2015. However, he did not testify or present any documentation or other evidence to support the numbers in his chart.
The mother testified as to her income, employment, and payment of child support and add-on expenses, and put into evidence, without objection, the parties' child support stipulation dated on or about August 20, 2012, her tax returns for 2012 through 2014, a letter of employment, documentation of unemployment benefits she had received, and her financial disclosure affidavit [FN1]. At the end of the day, the court adjourned the proceeding during the [*2]mother's testimony. Although there were further court dates, the court never took further testimony.
On or about May 8, 2017, the father made a motion for relief pursuant to CPLR 3126 for the mother's alleged failure to comply with pretrial discovery. The Support Magistrate granted it by order dated June 7, 2017, stating only that the motion was granted "in the following respect(s): order of preclusion against" the mother.
On or about December 7, 2017, the Support Magistrate issued findings of fact, an order of disposition, and an "Order Entry Money Judgment." The findings of fact state that the mother's testimony and evidence at trial are stricken, based on the preclusion order. The findings further state that neither party "submitted proof of income, expenses, or support of others." The findings further state that the mother owes the father arrears totaling $123,720.98. This number was apparently based solely on the father's "alleged statement of arrears" submitted to the Support Magistrate on September 13, 2017, a date when no testimony was taken, and no exhibits received in evidence. Both the order of disposition and the "Order Entry Money Judgment" direct entry of a money judgment against the mother in the amount of $123,720.98. In addition, the "Order Entry Money Judgment" directs the mother to pay the father's attorney $4,680 as counsel fees. The findings and the two orders entered that day each contained a determination that the mother had willfully violated an order of support dated April 25, 2014, although that order was not in evidence [FN2].
On February 8, 2018, the father and counsel for each party appeared before Judge Frias-Colon, who issued a warrant directing that the mother be brought before the court, and stated, "And at that time when [the mother] is returned before this Court on that warrant, this Court will then determine. . . how this Court should proceed."
By order dated March 20, 2018, Family Court denied the mother's objections to the Support Magistrate's findings of fact and orders entered on December 7, 2017.
The mother now appeals from the March 20, 2018 order of the Family Court denying her objections, the Support Magistrate's orders entered on December 7, 2017, and the February 8, 2018 warrant of arrest.
As an initial matter, pursuant to CPLR 5501(a)(1), we review the Support Magistrate's June 7, 2017 "order of preclusion." Upon doing so, we find that it was improper, and vacate it for two reasons. First, the mother had complied with the compulsory financial disclosure required of parties to a child support proceeding (Family Ct Act § 424-a[a]) by producing her [*3]most recent tax return and her financial affidavit, which the Support Magistrate had previously received in evidence, along with other documentation of her income, employment status and receipt of unemployment benefits in Israel [FN3]. Therefore, the Support Magistrate did not have authority to issue the order of preclusion under Family Court Act § 424-a(b).
Second, the father proceeded to trial on February 2, 2016 without first seeking to compel any additional financial discovery. Five months after trial commenced, by notice of motion dated July 7, 2016, the father sought to compel the mother's production of documents sought in his discovery notice dated March 25, 2015 [FN4]. The father never sought or received permission to conduct further discovery after trial commenced, as required by CPLR 3102(d). By order dated August 12, 2016, the Support Magistrate denied the father's motion "at this time as to preclusion," even though the father's motion had not sought preclusion.
Over a year later, by notice of motion dated May 8, 2017, the father moved for relief pursuant to CPLR 3126 for the mother's alleged failure to comply with discovery. Specifically, the father sought, more than a year after trial commenced, to strike the mother's answer to the father's petition and grant him a default judgment, or, in the alternative, to preclude her from testifying or presenting evidence at trial. The Support Magistrate granted this motion by issuing its June 7, 2017 order of preclusion.
A party may seek additional disclosure after trial commences
only by permission of the trial court on notice (CPLR 3102[d]). Here, the father never sought permission for posttrial discovery. Nor do the father's motion papers demonstrate any reason why he should have been permitted to pursue additional discovery more than a year after trial commenced. In view of this, and the fact that the mother faced contempt penalties if she were unable to present evidence about her ability to pay, the Support Magistrate improvidently exercised his discretion in "precluding" the mother from presenting evidence and testimony that he had already admitted into evidence at trial more than a year previously.
Family Court's March 20, 2018 order denying the mother's objections was in error in four respects. First, it improperly found that the Support Magistrate had made a recommendation as to incarceration and a purge amount, when he had not done so. Indeed, the findings of fact state, "Should petitioner seek relief other than the entry of a judgment for the outstanding arrears, the case will be adjourned for dispostion [sic] at which time other dispositional options will be considered by the court." Moreover, even if he had recommended incarceration, that would have had no effect until confirmed by a Family Court Judge, which had not occurred (Family Ct Act § 439[a]).
The Family Court Act provides that a determination by a support magistrate that a person is in willful violation of a support order "and that recommends commitment shall be transmitted to the parties, accompanied by findings of fact, but the determination shall have no force and effect until confirmed by a judge of the court" (Family Ct Act § 439[a] [emphasis added]). [*4]Furthermore, the Family Court Rules require that a support magistrate's fact findings that include a finding of willfulness "shall include. . . a recommendation regarding the sanctions that should be imposed, including a recommendation whether the sanction of incarceration is recommended" (22 NYCRR 205.43[g]). A support magistrate's written findings of facts must be issued within five days of the conclusion of a willfulness hearing (22 NYCRR 205.43[f]). Accordingly, we have previously held that a "Support Magistrate's failure to make a recommendation as to incarceration upon [a] finding of willfulness essentially constituted a recommendation against incarceration" (Matter of Carmen R. v Luis I., 160 AD3d 460, 462 [1st Dept 2018]).
Here, neither the Support Magistrate's findings of facts issued on or about December 7, 2017 nor any other document in the record contains a recommendation as to incarceration or a cure amount. It is not clear why the Family Court Judge before whom the parties appeared on February 8, 2018 stated on the record that she "believe[d]" that he had made such a recommendation. In addition, the attorneys for both parties each confirmed on the record that they were unaware that the Support Magistrate had made such a recommendation. Therefore, it is clear that no recommendation had been "transmitted to the parties" with the findings of facts. Moreover, there is no order in the record in which a Family Court Judge confirmed any recommendation by the Support Magistrate as to incarceration. Accordingly, Family Court erred in making a finding in its March 20, 2018 order that the Support Magistrate had made such a recommendation.
Second, Family Court erred in denying the objections on the basis that the mother's counsel failed to file a proper affidavit of service. Any error in the affidavit of service was inadvertent and did not prejudice the father. Family Court Act § 439(e) provides that a party filing objections must serve those objections upon the opposing party, and that proof of service must be filed with the court at the time that the party's objections are filed. Here, the father does not argue either that the mother failed to serve the objections on him or that he suffered any prejudice. Accordingly, despite the mother's attorney's sloppy drafting, the Family Court should have addressed the merits of the mother's objections (Matter of Worner v Gavin, 112 AD3d 956, 957 [2d Dept 2013]; Matter of Nash v Yablon-Nash, 106 AD3d 740, 741 [2d Dept 2013]; Matter of Perez v Villamil, 19 AD3d 501 [2d Dept 2005]).
Third, contrary to the Family Court's conclusion that the mother was also barred from objecting to the amount of arrears by the doctrine of law of the case, that doctrine is only applicable to "legal determinations that were necessarily resolved on the merits in a prior decision" (J.P. Morgan Sec., Inc. v Vigilant Ins. Co., 166 AD3d 1, 8 [1st Dept 2018] [emphasis added] [internal quotation marks omitted]). Since the mother's earlier-filed objections were denied on procedural grounds, the application of the doctrine of the law of the case did not apply under the circumstances here.
Fourth, Family Court erred in not deciding on the merits the mother's objections to the sums set forth in the Support Magistrate's orders entered on December 7, 2017. Had Family Court considered the mother's objections on the merits at the time, it would have had to either make new findings or remand for further proceedings and issuance of new findings by a support magistrate (Family Ct Act § 439[e]), since the Support Magistrate lacked sufficient evidence to find that the mother had failed to pay any sums due, much less that she had willfully failed to do so.
A "finding of willful violation on which a person may be incarcerated requires clear and convincing evidence. . . . Willfulness requires proof of both the ability to pay support and the failure to do so. . . . [P]roof that respondent has failed to pay support as ordered alone establishes petitioner's direct case of willful violation, shifting to respondent the burden of going forward" (Matter of Powers v Powers, 86 NY2d at 68-69).
Here, because the Support Magistrate had struck all of the mother's testimony and evidence, including a copy of the parties' child support agreement,[FN5] the only evidence supporting [*5]the father's claims was his summary of alleged arrears, admitted into evidence without testimony or supporting documentation on the single day of trial. The summary itself was hearsay, and was not competent evidence of the mother's obligation to pay child support or that she failed to pay any sums she was obligated to pay. Nor was it clear and convincing evidence of respondent's willful failure to pay such sums. Moreover, the summary apparently relied on by the Support Magistrate, which the father provided to the court on a later date when no testimony was taken or evidence entered, was not evidence at all.
Accordingly, we now reverse the Support Magistrate's orders entered on or about December 7, 2017 and reverse the March 20, 2018 order denying the mother's objections, and remand for further proceedings. Family Court may either "remand one or more issues of fact to the support magistrate. . . [or] make, with or without holding a new hearing, his or her own findings of fact and order" (Family Ct Act § 439[e]). Since we have vacated the Support Magistrate's June 7, 2017 order of preclusion against the mother, her testimony and documents placed in evidence on February 2, 2016 should not have been stricken, and can now be considered. If the Family Court finds that it now has sufficient evidence to render findings as to the sums the mother was obligated to pay, and the sums she failed to pay, if any, it may render new findings and issue an appropriate order. If it finds that the trial record is insufficient to issue new findings, it may hold a new hearing or remand one or more issues of fact to the Support Magistrate.
Finally, no appeal lies from a warrant of arrest and, contrary to the father's arguments, its issuance date is irrelevant to the question of timeliness of the mother's appeal (see Holubar v Holubar, 2011 NY Slip Op 66140[U] [2d Dept 2011]; CPLR 5701).
We have considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 10, 2019
CLERK



Footnotes

Footnote 1:The appellate record contains the trial transcript. However, because, as discussed below, the Support Magistrate later struck the mother's testimony and exhibits, the exhibits offered by her at trial and received in evidence are not in the record before us.

Footnote 2:We note that the Support Magistrate's finding of willfulness failed to comply with the Family Court Rules, which require, inter alia, a recitation of "the specific facts upon which the finding of willfulness is based" (22 NYCRR 205.43[g][1]). In addition, the findings are internally inconsistent as to the mother's ability to pay. On the one hand, the findings determine, without explanation, that the mother's failure to pay child support was willful, which implies a finding that the mother was able to pay (Matter of Powers v Powers, 86 NY2d 63, 68 [1995] ["Willfulness requires proof of both the ability to pay support and the failure to do so"]). On the other hand, the findings determine that the basic child support obligation for the parties' twin daughters is $50 per month, the mother's pro rata share of which is $25 per month, and that the mother is "not responsible" for any of the children's medical or day care expenses, "as her income falls within the self support reserve or poverty level after paying the above amount toward child support."

Footnote 3:It is undisputed that the parties' children were covered by the father's health insurance. Accordingly, information about the mother's health insurance benefits in Israel was not relevant to this proceeding.

Footnote 4:Although the mother does not appear to have contested service, we note that the father's March 25, 2015 discovery notice may not have been properly served. The affidavit of service alleges that the mother was personally served at a post office in New York City on March 25, 2015, and that a copy of the notice was mailed to her in Israel from the same post office on the same date. It is doubtful that the mother, who then lived in Israel, was personally served at a New York post office. Moreover, at that time, the mother was represented by counsel. Accordingly, service should have been made on her attorney.

Footnote 5:Because the mother's trial exhibits are not included in the record before us, it is not clear whether the child support agreement was attached to a copy of the parties' amended divorce judgment, into which their agreement was apparently incorporated.